TOOMS, Respondent, *v.* RANDALL, Appellant.

Where a motion was made to change the venue, on the ground that neither of the parties resided in the district; where no objection was made in the answer, and after nearly six months had elapsed before the objection was taken: Held, that the motion came too late, and was properly rejected.

Matter in abatement, or which was such at common law (as the motion in this case), must be set up in the answer, and with such particularity as to exclude every conclusion to the contrary.

APPEAL from the Fourth Judicial District.

This action was brought for the recovery of a promissory note of $2000, given by defendant to plaintiff; and was commenced on the 10th of July, 1852, in the District Court for the County of San Francisco. The defendant answered on the 26th July, 1852, denying the debt, and setting up a counter claim, and concludes thus, " wherefore defendant demands trial, in time and place as the law directs." On the 12th August, 1852, the defendant filed his affidavit, setting forth, that he is now and has been, for more than two years resident in the City of Monterey; and that Tooms, the plaintiff, is not a resident of the City of San Francisco, and that neither party resided in the County of San Francisco at the commencement of this action.

On the 8th January both parties appeared. The said affidavit as to residence was read, and the motion to change the place of trial to the county where some of the parties reside, was argued by counsel on both sides. The court denied the motion, " the answer to the complaint having set out no special objection, because the venue was not laid in the proper county."

On the same day, the defendant appealed.

*Shaw,* for appellant.

The fact, that this was a transitory action, did not authorize the plaintiff to lay the venue where neither party resided; and as he was guilty of laches, he cannot complain of defendant for not moving more promptly to change the place of trial to the proper county.

Plaintiff *did not* reside in San Francisco County, and he was

put upon inquiry to learn the residence of defendant, by defen-
dant's answer demanding "trial at the time and place, as the
law directs."

The statute is express: it prescribes no time when the motion
shall be made : it directs that *the case shall be tried in the
county in which the parties, or some of them, reside, at the com-
mencement of the action.*

The statute confers a *right,* and parties can only look to
that, or to the rules of the court in relation thereto; and there
is no rule, prescribing the time within which the motion shall be
made.   And the law says, when the wrong county is designated,
the court may (i. e. *shall*), if the reason shown be not disputed,
change the place of trial.   To say that, because the motion was
not made in a given time, it should not be allowed, was merely
arbitrary and unsustained by law.   In New York, special pro-
vision as to time is made by statute.   See Code, 52, p. 104,
sect. 126 (105).

*M'Allister,* for respondent.

The notice of the motion to change the venue was made five
months after the institution of the action.   The term *residence*
in the statute, has not the same meaning as domicil; and defen-
dant's answer admits, " that the nature of his business has
detained him in the City of San Francisco for the past few
months."   Residence may be either permanent or temporary.
2 Kent's Com. 430, n.

The application came too late, and the court has a right to
deny the motion on that ground alone.   That portion of the
answer demanding " trial, in time and place as the law directs,"
constitutes no notice to plaintiff; it is too indefinite, and should
set out the proper county in which defendant claimed to have
his residence.

HEYDENFELDT, Justice, delivered the opinion of the court.
WELLS, Justice, concurred.

This is an appeal from the refusal of the District Court to
change the venue.   The application was made on the ground
that neither of the parties reside in the district.

The motion was properly refused. No objection of the kind was made in the answer, and after it was filed, nearly six months were permitted to elapse before it was taken.

By the common law practice such an objection could only be taken by plea in abatement, before filing a plea in bar, and the latter is always a waiver of all matter in abatement.

The same strictness must be adopted here, relatively to our form of practice, because the principle prevails here, as well as elsewhere, that the law abhors a dilatory plea. Matter in abatement, or what was such at common law, must therefore be set up in the answer, and with such particularity as to exclude every conclusion to the contrary.

Order affirmed.