## PEARKES *v.* FREER, SHERIFF.

It is not necessary, in an action against a sheriff, to recover damages, (in addition to the $200 imposed by law as a penalty,) for a failure to execute and return process, that two suits should be brought. Damages and the penalty may be recovered in one suit.

The right to have a cause tried in a particular county, is one which a party may waive, either expressly, or by implication.

An objection to the venue, if made on grounds appearing in the complaint, must be made at or before the time of filing the demurrer, or it will be deemed waived.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The facts appear in the opinion of the Court.

*Wm. H. Rhodes* for Appellant.

*R. S. Mesick* for Respondent.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BURNETT, J., concurring.

This was an action against a sheriff to recover the damages sustained by reason of his failure to execute and return process, with the addition of $200 imposed by law as a penalty for such neglect.

A demurrer was interposed to the complaint, on the ground that two distinct causes of action had been improperly joined. This demurrer was overruled, and the defendant failing to appear at the time fixed for the trial, a trial was had, *ex parte*, before a jury, who returned a verdict in favor of plaintiff, and from the judgment entered on this verdict, the defendant appeals.

The errors assigned are: *first,* overruling the demurrer; *second,* refusing to change the venue on application of defendant.

The action was instituted under the sixth section of the act concerning sheriffs, (Wood's Dig., 680,) which provides that a sheriff, for a failure to perform certain duties, "shall be liable in an action to the party aggrieved for the sum of two hundred dollars, *and for all damages sustained by him."*

It is not the policy of the law to promote multiplicity of actions, and by no rule of construction, of which we have any knowledge, can we arrive at the conclusion that the Legislature intended that two suits were necessary to enable a party to avail himself of the remedy given by this statute.

There was no error in refusing to change the place of trial; the right to have a cause tried in a particular county is one which a party may waive either expressly or by implication.

The demurrer to the complaint was filed on the eighth of July,

1857, and the agreed statement shows, that by agreement of counsel, the cause was set for September 17th; on that day, defendant moved for a change of venue, on grounds which were apparent on the face of the complaint.

In Reyes v. Sandford, (5 Cal., 117;) and in Tooms v. Randall, (3 Cal., 438,) it was held, that an objection to the venue must be made in the answer, and comes too late after an answer to the merits; it follows, that such a motion on grounds disclosed by the complaint must be made before or at the time of filing demurrer. By filing a demurrer, and consenting to set the case for trial at a particular day, the defendant waived his right to move for a change of venue.

The judgment of the Court below is affirmed, with fifteen per cent. damages for a frivolous appeal.