E. F. JONES AND H. H. HEWLETT *v.* JAMES FROST.

<div style="float:right">

| 28 | 245 |
|----|-----|
| 82 | 658 |
| 28 | 245 |
| 111 | 376 |

</div>

AVERMENT THAT NOTE HAS NOT BEEN PAID.—In an action on a promissory note, an allegation in the complaint that "no part of said note, principal or interest, has been paid," is a sufficient averment of a breach.

WAIVER OF RIGHT TO HAVE A CHANGE OF VENUE.—If a defendant, sued in a county where he does not reside, demurs to the complaint, and the demurrer is sustained, and he then demurs to an amended complaint before giving notice of a motion for change of venue, he waives the right to have the case tried in the county where he resides.

AMENDED COMPLAINT.—The filing of a new complaint after a demurrer has been sustained is not the commencement of a new action.

ERROR IN ALLOWING COSTS.—If the Court adds to the judgment the costs of the prevailing party after the time for filing the same has expired, and after an appeal has been perfected, the error can only be corrected by an appeal from the order.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The motion for a change of venue was based on affidavits. The Court overruled the motion and then overruled the second demurrer. No answer was filed. Plaintiffs recovered judgment, and defendant appealed from the judgment.

The other facts are stated in the opinion of the Court.

*John B. Hall,* for Appellant.

The breach assigned is, "*That no part of said note, principal or interest, has been paid.*" A traverse of this averment does not amount to a plea of payment of the *whole* debt, but only that *some part* has been paid. The allegation must be, "*that the debt or the note has not been paid,*" so that when denied an

issue is created by which payment is affirmed on the one side and denied on the other, and the defense made as broad as the alleged cause of action. (See *Frisch* v. *Caler*, 21 Cal. 71.)

*Tyler & Cobb*, for Respondents.

By the Court, SHAFTER, J.

This is an action on a promissory note.

First—The first error assigned is that the demurrer to the complaint was improperly overruled—the assignment of the breach being, as is contended, substantially defective. The breach assigned is : " That no part of said note, principal or interest, has been paid." We consider that there is no defect in this averment, either substantial or formal.

Second—It is further insisted that the Court erred in refusing to transfer the case for trial to the county of defendant's residence.

It appears from the record that the defendant demurred to the original complaint; that the demurrer was argued, submitted and sustained; that the plaintiff, by leave given, filed an amended complaint, to which the defendant, on the 6th of May, 1864, also demurred; and that on the eighteenth of that month he gave notice of his intention to move for a change of venue. The proceedings prior to the notice amounted to a waiver, on the part of the defendant, of his right to have the action tried in the county where he resided. (*Peakes* v. *Freer*, 9 Cal. 649.) The appellant is mistaken in supposing that the filing of the amended complaint was the commencement of a new action. The new complaint doubtless superseded the original and destroyed its effect as a pleading, as was held in *Gilman & Co.* v. *Cosgrave*, 22 Cal. 356, but it did not go to the identity of the action.

Third—The third specification of error is : " That the Court had no power to add to the amount of the judgment a sum for costs, after time for filing a memorandum had expired, and after appeal perfected." The judgment was entered August

6th, 1864, and the appeal therefrom was perfected on the tenth of that month, and on the twentieth the order for costs was applied for and granted.    The order complained of was made ten days after the Court had lost jurisdiction of the case by the perfecting of the appeal, and the proper and only remedy for the defendants was by appeal from the order.

The judgment is affirmed.