[No. 11728.   In Bank. — September 20, 1889.]

HENRY POWELL, RESPONDENT, v. GUSTAV SUTRO, APPELLANT.

PLACE OF TRIAL — ACTION COMMENCED IN JUSTICICE'S COURT — TRANSFER TO SUPERIOR COURT — CHANGE OF PLACE OF TRIAL. — Where · an action commenced in a justice's court is on motion of the defendant transferred for trial to the superior court of the county in which it was brought, because the answer shows that its determination necessarily involves a question as to the legality of a tax, the superior court has no power to change the place of trial to the county in which the defendant resides, there having been no demand for a change made in the justice's court at the time of answering.

APPEAL from an order of the Superior Court of Alameda County refusing to change the place of trial.

On the 20th of April, 1889, an opinion was rendered by Department Two affirming the order appealed from. A hearing in Bank was subsequently granted, on which the following opinion was rendered. The facts are stated in the opinion of the court.

*Edmund Tauszky,* for Appellant.

The action being personal, the defendant had the right to have it tried in the county in which he resides. (Code Civ. Proc., sec. 395; *Watkins* v. *Degener,* 63 Cal. 500.) The superior court possesses the same jurisdiction herein as if the action had been commenced therein. (Code Civ. Proc., secs. 76, 112, 187, 838; Const., art. 6, sec. 5.)

*Moore & Reid,* for Respondent.

The jurisdiction of the superior court in actions transferred to it from the justice's court is special, and the statute nowhere provides any process or mode of procedure for a change of venue in such actions. (*City of Santa Cruz* v. *Santa Cruz R. R. Co.,* 56 Cal. 143; *Gross* v. *Superior Court,* 71 Cal. 382; *Luco* v. *Superior Court,* 71 Cal. 555.)

McFARLAND, J. — After argument on hearing in Bank, we adhere to the conclusion reached in Department.

The action was commenced in the justice's court in Alameda County to recover $155.38 for certain taxes alleged to have been paid by plaintiff for defendant. Defendant filed a verified answer, in which he averred the illegality of the taxes. This answer made it necessary, under section 838 of the Code of Civil Procedure, for the justice to suspend all further proceedings, and certify the case to the superior court of Alameda County, — which was accordingly done.

After the case had been transferred to the superior court, the defendant demanded and moved for a change of venue to the county of San Francisco, upon the ground that his place of residence was in the latter county.

The superior court denied the motion, and defendant appeals.

The right to have a change of the place of trial of an action pending in a superior court upon the ground of residence is purely statutory; and it can be successfully asserted only by a party who brings himself clearly within the statutory provisions on the subject. There is no such right on the ground of residence in a justice's court.

It is the established law that under the provision of section 396 of the Code of Civil Procedure a motion for a change of venue after demurrer or answer is too late.

Appellant filed his answer in the justice's court, and of course his demand for a change of venue in the superior court was after answer. It is not necessary to determine here what his position would have been if, when he filed his answer in the justice's court,—knowing that it would cause a transfer to the superior court,—he had then and there made his demand for a change. When he did make his motion he was inevitably in the position of one who makes such a motion too late. It is vain to say that he could not have made his motion any sooner in the superior court; he is still seeking a privilege which can come only from a compliance with a statutory provision with which he had not complied. If there was no way in which he could have complied with the statute, then the fair inference is, that the legislature intended that a motion for a change of venue should be allowed only in those cases which get into the superior court in the usual way,—where the complaint shows upon its face jurisdiction in that court,—and not in the few comparatively trivial cases where the amount sued for is within the jurisdiction of justices' courts, and where the cases

are transferred on account of some averment in the answer.

Order affirmed.

THORNTON, J., SHARPSTEIN, J., and PATERSON, J., concurred.

WORKS, J., dissenting.—I dissent.   When the verified answer was filed ousting the jurisdiction of the justice's court that court could take no further steps in the case. It was the duty of the justice to immediately certify the case to the superior court, and that court then had "over the action the same jurisdiction as if it had been commenced therein."   (Code Civ. Proc., sec. 838.)

No affidavit could properly have been filed or motion made for a change of the place of trial in the justice's court.   If that court had jurisdiction of the case, it would have been improper, because a change to another county cannot be had from a justice's court.   If the justice had not jurisdiction it would have been idle to file the affidavit there, because that court had no power to act upon it.   The defendant made the necessary affidavit as soon as the case reached a court having jurisdiction to act upon it, and before any act was done by him in that court, or any other step taken therein.   This was using the utmost expedition in the assertion of his rights that could be reasonably required under the statute.   It is well enough to say that the "right to a change of the place of trial is purely statutory, and a party must bring himself clearly within the provisions on the subject," but it is quite another thing for the courts to so construe a statute as, in certain cases, to deprive a party of the right entirely, and thus in such cases to nullify the statute itself.

If the doctrine declared in the prevailing opinion is to obtain, all a plaintiff will have to do hereafter, in order to prevent a defendant from asserting his right to be tried in the county of his residence, is to bring his

action in a justice's court which has no jurisdiction, thereby compelling the defendant to be tried before the justice, or file such an answer as will cause the transfer of the case to the superior court of that county, in either of which events, if such a construction is to prevail, he is entirely cut off from his right to a change to the proper county. In my judgment, a plain statutory right should not be denied a party even in a "comparatively trivial case" by any such strict construction of the provisions of the statute. The law is the same in all cases, and the courts cannot deny the right given by it because the court may regard the case in hand as comparatively trivial. I think the change should have been granted, and that the order denying it should be reversed.

Fox, J., and BEATTY, C. J., dissenting — We dissent. The case is a trifling one as to the amount of money involved, but it involves a principle which it is important should be settled correctly. Under section 395 of the Code of Civil Procedure, it is a matter of absolute right on the part of the defendant that he shall have the case tried in the county where he resides. This section is mandatory in its terms, and so plain as not to be open to construction, either as to its meaning, or as to the intention of its framers. On the other hand, section 396, cited in the leading opinion, is a mere provision of the mode of procedure to secure the right. The right itself being absolutely established by legislative enactment, if no mode of procedure had been provided for its enforcement, it would be the duty of the court to prescribe one. Section 396 has prescribed one for all the ordinary cases arising in the course of practice; but here happens to come a case, as sometimes occurs in the conduct of human affairs, that the mode of procedure provided, if we follow the literal language of the statute, does not meet, and we have a case of a right without a remedy. In

such a case it is the duty of the court, if possible, to provide a remedy. Examining the general remedy which has been provided, we find that the controlling idea of the framers of the statute was, that the party seeking to avail himself of the right guaranteed to him by section 395 should make his application therefor upon his first appearance in the court having jurisdiction to act thereon. That was done in this case. The answer was necessarily filed in a court which had no jurisdiction, either to try the case or to transfer it to another county. That court, as in duty bound, transmitted it to a competent court of its own county, and immediately upon the filing of the papers in the court to which it was so transmitted, the application for change of venue was made. It should have been granted.