[Civ. No. 567. Third Appellate District.—April 12, 1909.]

W. J. BELL, Respondent, v. F. B. CAMM and H. H. BROWN, Appellants.

ACTION ON NOTE—DEMURRER—JURISDICTION OF DEFENDANTS AND SUBJECT MATTER.—In an action on a note executed and made payable in another county, brought in the county of the residence of one of the makers, in which both makers appeared as defendants, and demurred to the complaint for want of jurisdiction of the parties, and of the subject of the action, such demurrer was properly overruled.

ID.—VENUE OF ACTION.—An action on a note past due, without reference to the place of its execution or payment, may be instituted under section 395 of the Code of Civil Procedure, "in the county

in which the defendants, or some of them, reside at the commencement of the action, . . . subject to the power of the court to change the place of trial, as provided in this code."

ID.—WAIVER OF CHANGE OF PLACE OF TRIAL.—If the defendants, instead of making default as they did, after demurrer overruled, had decided in good faith finally to defend upon the merits against the allegations of the complaint, and deemed themselves entitled to a change of the place of trial, they should have proceeded in the way pointed out in section 396 of the Code of Civil Procedure, and when they failed at the time of interposing their demurrer to file an affidavit of merits, and a written demand for the change of the place of trial of the action, they thereby waived their right to such change, even if the facts in reality entitled them to it.

ID.—PROVISION IN NOTE FOR ATTORNEYS' FEES—AMOUNT NOT SPECIFIED IN NOTE—SUFFICIENCY OF COMPLAINT—UNCERTAINTY.—When the note provides that, in the event of the necessity of the collection through legal proceeding, the makers "agree to pay a reasonable attorney fee to the holder of this note," etc., a complaint alleging that the sum of $200 is a reasonable attorney's fee is not demurrable for uncertainty in not alleging whether plaintiff had agreed to that sum, or what sum plaintiff had agreed upon with his counsel as an attorney's fee for prosecuting the action.

ID.—RIGHT OF PLAINTIFF TO RELY UPON QUANTUM MERUIT—AMOUNT IN DISCRETION OF COURT.—In such case the plaintiff may rely upon a *quantum meruit* as to the reasonable value of the services of his attorney, and leave the determination of the question to the judgment and sound discretion of the court.

ID.—FRIVOLOUS APPEAL—DAMAGES.—It appearing that the appeal is frivolous and taken merely for delay, the court affirmed the judgment with damages awarded against the appellants.

APPEAL from a judgment of the Superior Court of Napa County.  H. C. Gesford, Judge.

The facts are stated in the opinion of the court.

E. L. Webber, for Appellants.

H. B. McClure, for Respondent.

HART, J.—This is an action on a promissory note.  The defendants demurred to the complaint generally and specially. The court overruled the demurrer and gave the defendants ten days within which to answer.  The defendants failed to

answer within the time allowed for that purpose, and thereupon defaults were entered against them, and judgment rendered and entered in favor of plaintiff for the principal sum of the note with interest, and for $150 as attorney's fee.

This appeal is from said judgment.

The note declared upon is for $3,000, with interest at the rate of eight per cent per annum, said interest payable annually, and if not so paid, to be compounded with the principal and thereafter bear a like rate of interest. The note was executed at Visalia, in Tulare county, and by its terms is payable at that place. It provides that, in the event of the necessity of its collection through legal proceedings, the makers "agree to pay a reasonable attorney fee to the holder of this note," etc.

The complaint alleges that the sum of $200 is a reasonable attorney's fee for the prosecution of the action for recovery upon the note.

The defendants demur specially upon the grounds, among others which it is unnecessary to particularly notice, that the court "has no jurisdiction over the persons of these defendants or the subject of the action," and that the complaint is "uncertain in this, that it cannot be ascertained therefrom whether or not plaintiff has agreed to pay his attorney herein the sum of $200, or what sum plaintiff has agreed to pay his attorney herein."

The demurrer was properly overruled.

Section 395 of the Code of Civil Procedure authorizes the institution of an action of the nature of the one at bar "in the county in which the defendants, or some of them, reside at the commencement of the action, . . . subject, however, to the power of the court to change the place of trial," as provided by said code.

The service of the summons and of a copy of the complaint or the voluntary appearance of a defendant invests the court with jurisdiction of the parties and control of all the subsequent proceedings. (Code Civ. Proc., sec. 416.) There can be absolutely no question that the court acquired jurisdiction of the subject of the action and of the persons of the defendants.

The point that the complaint is uncertain because it does not allege what, if any, sum was agreed upon by the plaintiff

and his counsel as an attorney's fee for prosecuting this action is devoid of merit.

The note provides in general terms that, in case of its collection through a lawsuit, a reasonable attorney's fee shall be allowed. The evident meaning of this provision is that such fee should be awarded as the judgment of the court trying the action might, from all the circumstances, deem reasonable. The plaintiff and his counsel could, of course, have made an agreement as to the amount of the fee to be paid, but, from the silence of the complaint upon the point, it must be assumed that they did not. We can perceive no objection to the course taken by the plaintiff in relying upon a *quantum meruit* as to the value of the services of his attorney and thus leaving the determination of the question to the judgment and sound discretion of the court.

Respondent, claiming that this appeal is frivolous and was taken for delay only, asks that this court award damages against the appellants as provided in cases where appeals are made purely for purposes of delay, by section 957 of the Code of Civil Procedure.

It is plainly manifest that there is absolutely no merit in this appeal, and, furthermore, from the affidavit of counsel for appellants, upon which an enlargement of the time within which to file his opening brief was requested, it clearly appears that counsel himself knew that the appeal was without merit.

The appellants made no denial of the due execution or validity of the note declared upon, but objected through a proceeding which obviously could be of no avail to them upon the point that the proper place of trial was in another county than the one in which the action was brought. If they had desired in good faith to finally defend against the allegations of the complaint or plead to the merits, and they were entitled to a change of the place of trial, they should have proceeded in the only way pointed out by the code for securing a change to the proper county. (Code Civ. Proc., sec. 396.) But having failed, at the time of interposing their demurrer, to file an affidavit of merits and a demand in writing for a change of the place of the trial of the action, they thereby waived their right to such change, even if the facts in reality entitled them to it. (*Cook* v. *Pendergast,* 61 Cal. 78.)

The judgment in this action was rendered on the fourth day of May, 1908, and was entered on the thirteenth day of May, 1908. The notice of appeal from the judgment was filed on the second day of June, 1908, and the transcript containing the record on appeal was filed in the supreme court on the sixteenth day of September, 1908.

The affidavit upon which counsel for appellants based his application for an extension of time beyond that allowed by rule 2 of the supreme court, within which to file his opening brief, recites, among other things, "that affiant has been making diligent efforts to settle the affairs of H. H. Brown with a view to settling the present action now pending out of court," etc., and . . . "that affiant is satisfied that this case will in a short time be settled, and to that end he believes that it would be a hardship to require the appellants to go to the expense of printing a brief," etc. From the foregoing statement in the affidavit referred to we think it is not only clear that counsel himself had no faith in his appeal, but that the same was taken for no other reason than to delay the execution of the judgment.

The judgment is affirmed, with damages awarded against the appellants in the sum of $50.

Burnett, J., and Chipman, P. J., concurred.