[CIV. No. 3441.   First Appellate District, Division Two.—December 18, 1920.]

## A. L. LUNDY, Respondent, v. STELLA E. LETTUNICH, Executrix, etc., Appellant.

[1] PLACE OF TRIAL—MOTION FOR CHANGE — AFFIDAVIT OF MERITS — RIGHT TO AMEND.—An affidavit of merits on a motion for change of place of trial is amendable.

[2] ID.—ESTABLISHMENT OF RIGHT TO CHANGE—AFFIDAVIT—DEMAND—WAIVER.—The filing of the affidavit of merits and demand for change of place of trial at the time of the first appearance is all that is required to establish the right of the defendant in a personal action to have the place of trial changed to the county of his residence; but this right, though absolute if insisted upon, is one which the defendant may waive, and which he does waive unless he follows the procedure provided for asserting it.

[3] ID.—NOTICE OF MOTION—TIME—LACK OF DILIGENCE.—While it is not necessary that the notice of motion for change of place of trial accompany the affidavit and demand, the motion should be made at the earliest opportunity, and if it is made afterward the applicant must explain any seeming lack of diligence on his part.

[4] ID.—INSUFFICIENT NOTICE OF MOTION — DENIAL WITHOUT PREJUDICE—JURISDICTION TO ENTERTAIN PROPER MOTION.—Where a first notice of motion for change of place of trial is insufficient, because the time allowed is less than that required by section 1005 of the Code of Civil Procedure and no order shortening time is secured, and a second notice of motion for a later date is served and filed, there is in legal effect but one motion presented for judicial action, and after the court has by consent denied without prejudice the motion first noticed, it may proceed to entertain the motion that was properly noticed.

[5] ID.—AFFIDAVIT OF MERITS — TIME. — Where the defendant in his amended affidavit of merits filed on his motion for a change of place of trial, after setting forth the other necessary matters, avers that he had fully and fairly stated the case to a certain attorney at law, one of the members of a named firm, and after such statement he was advised by him, and he verily believed, he had a good and substantial defense on the merits of the action, the objection that such affidavit is insufficient because it fails to state when the defendant stated the facts to his attorney, or when the latter advised him he had a good defense, are supertechnical and without merit.

[6] ID.—DELAY IN FILING PAPERS—LACHES.—The defendant was not guilty of laches in presenting his motion for change of place of

trial, where the only motion which was effective was made on the first call of the motion calendar after his demurrer, demand for change, and affidavit were filed, and the conditions would not have been changed if he had filed such papers the day they were served instead of five days later, they having been filed within the time permitted by the statute.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion for a change of place of trial. James M. Troutt, Judge. Reversed.

The facts are stated in the opinion of the court.

Sans & Hudson and Thos. W. Firby for Appellant.

R. H. Countryman for Respondent.

LANGDON, P. J.—The defendant, E. B. Lettunich, appealed from an order denying a motion for change of venue. Upon his death, Stella E. Lettunich, as executrix of his will, was substituted in his place.

The action, which is personal in its nature, having been commenced in the city and county of San Francisco, summons was regularly served on June 16, 1919, in the county of Santa Cruz. The defendant appeared by filing a demurrer on July 16, 1919, service of the demurrer having been admitted by indorsement under date of July 11th. With the demurrer was served and filed an affidavit showing, among other things, that the defendant was a resident of Santa Cruz County. At the same time the statutory demand in writing was served and filed that the trial be had in the proper county. (Code Civ. Proc., sec. 396.) **[1]** It is contended by the respondent that the affidavit of merits was insufficient. The contention appears to be unfounded, but its consideration is unnecessary. The appellant in his brief asserts that whether or not it was sufficient is immaterial. This is true, because such an affidavit is amendable. (Code Civ. Proc., sec. 473; *Palmer etc.* v. *Barclay,* 92 Cal. 201, [28 Pac. 226]; *Pittman* v. *Carstenbrook,* 11 Cal. App. 229, [104 Pac. 699]; *Jaques* v. *Owens,* 18 Cal. App. 114, [122 Pac. 430].) **[2]** The filing of the affidavit and

demand at the time of the first appearance is all that is required to establish the right of a defendant in a personal action to have the place of trial changed to the county of his residence (Code Civ. Proc., secs. 395, 396), but, as was pointed out in *Bohn* v. *Bohn,* 164 Cal. 535, [129 Pac. 983], the remedy by which this right is to be enforced is a different thing. It was there said: "While an absolute right, if it is insisted on, it is one which a defendant may waive, and which he does waive unless he follows the procedure provided for asserting it." Section 397 provides that the court may on motion change the place of trial. In the Bohn case (p. 536) the court said: "The filing of the demand and affidavit do not operate *ipso facto* to change the place of trial. They have no such force. The change can only be effected through an order of court after its judicial action has been invoked, by bringing the matter on for hearing, where the right of the defendant to the transfer can be contested by the plaintiff. The court must be applied to for an order of transfer. Such an application is a motion (Code Civ. Proc., sec. 1003), and under section 397, a motion for the change must be made in addition to the demand and affidavit, as one of the necessary steps in the procedure to obtain the order of transfer."

[3] So far as the court is informed there is no decision holding that the notice of motion must accompany the affidavit and demand. They are entirely separate matters. Section 396 requires only the demand and affidavit to be served and filed with the demurrer or answer. The motion could not be made at that time unless notice under section 1003 were waived. The proceeding, it is true, must be prosecuted with diligence. (*Cook* v. *Pendergast,* 61 Cal. 79.) The motion should be made at the earliest opportunity. (*Pearkes* v. *Frear,* 9 Cal. 642; *Jones* v. *Frost,* 28 Cal. 246.) If it is made afterward the applicant must explain any seeming lack of diligence on his part. (*Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 401, [90 Pac. 932, 1135].)

[4] In the present case a notice of motion was served and filed with the demurrer and other papers, in which the time of presentation was fixed as July 18, 1919. There was no order shortening time. The time allowed was less

than that required by section 1005 of the Code of Civil Procedure. There was no calendar called on July 18th. On July 22d an order shortening time of service was made and a new notice of motion for July 25th was served and filed. On that day the record shows that an order was made, which, omitting immaterial matters, was as follows: "The motion to change the venue herein, the notice of which was filed July 16, 1919, coming on regularly to be heard, . . . it is now by consent of counsel for defendant ordered said motion be denied *without prejudice*. Thereupon the motion for change of venue, the notice of which was filed on July 23, 1919, came on to be heard and objection was made by plaintiff that the notice of motion was filed too late and that it was not given at the time of the defendant's first appearance and that defendant's affidavit of merits was not sufficient." The court, over the plaintiff's objection, granted the defendant five days to amend the affidavit of merits. This was done; and the matter again coming on on August 29th, after evidence and argument, it was submitted. On September 30, 1919, the motion for change of venue was denied.

While in the respondent's brief, the argument is divided into ten sections, there are really but two points involved in the appeal. They are, first, whether or not the court had power to consider the motion made on the second notice, and if so, whether the showing of right on the part of the appellant was sufficient. Following the respondent's elaboration of these two points, a conclusion in favor of the appellant is reached on both.

1. The respondent relies on the decision in *McNeill etc.* v. *Doe,* 163 Cal. 339, [125 Pac. 345], to support his proposition that the denial by consent of the motion insufficiently noticed exhausted the power of the court. In that case it was decided that unconnected and successive motions for change of venue could not be entertained because the statute contemplated a single and prompt assertion of the substantive right. Under the facts disclosed by the record in this case, the first notice being insufficient, the court could not properly have entertained the motion based upon it. The motion based on the second notice came on at the first call of the calendar

after the appearance, affidavit and demand were filed. There is no difference in substance between a statement that the single motion was made, as it was on the second notice, and the statement that the motion on the first and insufficient notice was denied without prejudice. The court immediately and properly entertained what was in effect the only motion presented for judicial action and the only one which the record shows was contested.

2. It has already been stated that whether or not the first affidavit of merits was sufficient is conceded by the respondent to be immaterial, and that it was amendable. Permission to amend was granted properly and the amendment made to meet the objections to the original, which objections appear to have been unfounded.

3. It is argued that the original affidavit was insufficient, but, as the respondent states, that is immaterial to this appeal.

[5] 4. It is contended that the amended affidavit is insufficient because it fails to state when the defendant stated the facts to his attorney, A. W. Sans, or when the latter advised him he had a good defense. The second notice of motion stated that it would be made on the papers, files, and records of the proceeding, and the bill of exceptions settled by the judge shows that on the hearing he had before him both the original and the amended affidavits. The original affidavit was verified on July 10th, before any appearance in the action by the defendant. In it, after stating that he was the defendant and had been served with summons in Santa Cruz County, the defendant averred that he had fully and fairly stated the case to Sans and Hudson, his attorneys, and after such statement he had been advised by them, and he verily believed, he had a good defense on the merits to the action. He further alleged that he was then, at the time of the commencement of the action and for a long time prior thereto had been, a resident of Santa Cruz County, and was not, and never had been, a resident of the city and county of San Francisco. On behalf of the respondent it was contended that under this affidavit it did not appear that Sans and Hudson were attorneys, nor which of them advised the defendant he had a good defense.

In the amended affidavit, which was verified, on July 29, 1919, the defendant set forth the other necessary matters, and averred that he had fully and fairly stated the case to A. W. Sans, an attorney at law and one of the members of the firm of Sans & Hudson, and after such statement he was advised by him, and he verily believed, he had a good and substantial defense on the merits of said action. The amended affidavit in no way contradicts the original, from which it appeared that the facts were stated and the advice given by both members of the firm before the demand for change of place of trial was filed. The objections appear to be supertechnical and without merit. (*Nolan* v. *McDuffie,* 125 Cal. 336, 58 Pac. 4].)

5. It has already been shown there is a clear distinction between the demand for change of place of trial which must be, and in this case was, served and filed with the demurrer and the motion which cannot then be made unless notice of hearing be waived.

6. The foregoing statement answers the contention that the motion must be made at the time the demurrer or answer is filed. The statute requires nothing of the sort. (Code Civ. Proc., secs. 396, 397, 1003, 1005 and 1010.)

7. The right to have the place of trial changed may be waived, but in this case, far from their being a waiver, the defendant at all times insisted, and still insists, upon the enforcement of this established right.

8. The proceedings are statutory, and in this case in all matters of substance the statute was followed by the defendant. The provisions of the statute are to be liberally construed to promote justice, not to be technically warped to defeat a fixed right. (Code Civ. Proc., sec. 4.)

9. There was really but one motion to enforce the right which vested in the defendant, although there were two notices. (Code Civ. Proc., secs. 395, 396.)

[6] 10. The defendant was guilty of no laches. The conditions would not have been changed if he had filed the demurrer, affidavit, and demand on the day they were served instead of five days later. They were filed within the time permitted by the statute.

The order in this case cannot be upheld upon the presumption that the order of the trial court was made

because of unreasonable and unexplained delay. In the case of *Hart* y. *Forgeus,* 184 Cal. 327, [193 Pac. 764], there was such a delay, but in the present case the record shows the only motion which was effective was made on the first call of the motion calendar after the demurrer, demand for change, and affidavit were filed.

The order appealed from is reversed, with directions to the trial court to make an order granting the motion for change of place of trial.

Brittain, J., and Nourse, J., concurred.