[Civ. No. 2481. Third Appellate District.—December 26, 1922.]

## W. P. HENRY, Respondent, v. WALTER M. WILLETT et al., Appellants.

**[1]** PLACE OF TRIAL—RIGHT OF DEFENDANT—WAIVER.—The right of a defendant to a change of venue in a proper case is absolute, but such right may be waived.

**[2]** PLEADING—ACTION AGAINST PERSONS DOING BUSINESS UNDER FIRM NAME—NATURE OF.—Where the caption of a complaint states that the defendants are doing business under a certain firm name, but the body of the complaint alleges that the defendants "now are, and during all the times herein mentioned were engaged and doing business in Siskiyou County, California, and are now engaged in the building and constructing of a road," etc., and the caption of the summons is the same as that of the complaint and is addressed to the defendants as individuals, the action does not come within the terms of section 388 of the Code of Civil Procedure, nor does the action as made by the complaint come within the provisions of section 16 of article XII of the constitution.

**[3]** PLACE OF TRIAL—HEARING OF MOTION—FAILURE TO APPEAR—OMISSION TO ENTER CONTINUANCE—EFFECT OF.—Where the hearing of a motion for a change of place of trial was noticed for a certain day, and on such day no appearance was made on behalf of

the moving parties and no disposition made of the motion, the
fact that the court omitted to have a continuance of the hear-
ing entered did not prevent such parties from presenting such
motion at the next calendar day, since such acts did not con-
stitute an abandonment of the motion.

[4] COURTS—RULES—SCOPE OF.—Rules of the courts cannot be in-
voked to control or be substituted for statutory provisions as to
procedure.

APPEAL from an order of the Superior Court of Sis-
kiyou County denying a change of place of trial. C. J.
Luttrell, Judge. Reversed.

The facts are stated in the opinion of the court.

John D. Murphey and Taylor & Tebbe for Appellants.

Jacob P. Wetzel and Collier & Collier for Respondent.

HART, J.—This is an appeal from an order denying a
motion by the defendants for a change of the place of
trial of the above-entitled action.

The action was brought by the plaintiff to recover from
the defendants the sum of $525.96 alleged to be due the
former from the latter for labor and services performed.

The complaint alleges that the defendants now are and
during all the times mentioned in the complaint were en-
gaged in and doing business in Siskiyou County, California,
"and are now engaged in the grading, building and con-
structing of a road between Happy Camp and Cottage
Grove, for the government of the United States"; that the
defendants, through their superintendent and agent, E. R.
Miller, on or about the thirteenth day of June, 1921, em-
ployed the plaintiff to perform work and labor on the road
then being constructed in Siskiyou County and in pursu-
ance of said employment the plaintiff performed work and
labor for a period of ninety-three days, and that said work
and labor were reasonably worth six dollars per day; that
the plaintiff performed other services for the defendants in
road construction for which the latter agreed to pay him the
sum of sixty-five cents per yard, amounting in the aggre-
gate to the sum of $100.75; that defendants have failed and

refused to pay the plaintiff said money or any part thereof except the sum of $50.

Summons and a copy of the complaint were duly served on the defendants in the city and county of San Francisco by the sheriff of said city and county on the eighteenth day of October, 1921.

The defendants appeared by filing a demurrer on the second day of November, 1921. With the demurrer was served a notice of motion for a change of the place of trial from Siskiyou County to the city and county of San Francisco. There were also filed at the same time a demand for a change of the place of trial, affidavits by the defendants Walter M. Willett and P. L. Burr, 'deposing that they were at all times mentioned in the complaint residents of the city and county of San Francisco, an affidavit of merits, notice of motion for a change of place of trial, and an affidavit showing that all the foregoing papers were regularly and duly served on the first day of November, 1921, upon Jacob P. Wetzel, one of the attorneys for said plaintiff, at Yreka, Siskiyou County, the place of residence of said Jacob P. Wetzel.

The notice of the motion for an order changing the place of trial from Siskiyou County to the city and county of San Francisco stated that said motion would be called for hearing on the fourteenth day of November, 1921, at the hour of 10 o'clock A. M. on said day "or as soon thereafter as counsel can be heard." On said day, when said motion was called for hearing, in pursuance of the notice given, there was no appearance on behalf of the defendants, and no action whatever was taken upon the application. The minutes of the court of November 14, 1921, as to this motion, following title of court and cause, merely show this: "Monday, November 14, 1921. This being the time noticed for motion for a change of place of trial of the above-entitled action, the matter was regularly called on the court calendar by the court and there was no appearance on behalf of defendants." Thus it will be noted that the court omitted to continue the hearing of said motion to any definite or certain date or time to take any action thereon.

On the first calendar day thereafter, which was the third day of December, 1921, counsel for the defendants moved the court for an order changing the place of trial of the

above-entitled action to the city and county of San Francisco, "on the grounds theretofore set forth in the notice of motion and the demand and affidavits of residence theretofore filed and fixed for hearing on November 14, 1921." Counsel for plaintiff at no time filed counter-affidavits or otherwise made any showing in opposition to the granting of the motion except in objections orally made at the time the proceeding was heard to the hearing or granting of said motion for these alleged reasons: That no continuance of the hearing of the motion on the fourteenth day of November, 1921, had been made by the court and that the motion noticed for hearing on said date had been abandoned by defendants and that there had been no motion noticed for the third day of December, 1921. No action was taken by the court upon the motion made at that time. Thereafter, and on the seventh day of December, 1921, counsel for the defendants filed and served on counsel for the plaintiff a notice of motion to change the place of trial of said action, fixing the time for the hearing of said motion for Monday, the thirteenth day of December, 1921, at 10 o'clock A. M., "or as soon thereafter as counsel can be heard." Said notice recited that said motion would be made upon the affidavits and demand for a change of place of trial theretofore served upon the attorneys for plaintiff, upon a written notice of motion setting said hearing for the fourteenth day of November, 1921, and that the same would be made upon the grounds stated in the original notice, demand and affidavits as follows, to wit: That the said defendants Willett and Burr were not at any of the times mentioned in the complaint residents of the county of Siskiyou but that at all said times were residents of the city and county of San Francisco, etc.

When the matter came up for hearing on the thirteenth day of December, 1921, in pursuance of the notice of motion last above referred to, counsel for the plaintiff renewed their objections to the hearing of the motion upon the same grounds upon which they objected to the hearing of the motion which had been fixed for hearing on the seventh day of December, 1921, and added this further objection: "That another motion in this action for the change of the place of trial of this action from the Superior Court of Siskiyou County to the Superior Court of the City and

County of San Francisco, on the same grounds as stated in defendants' last motion, is now pending and undetermined in this court, and that this court has no jurisdiction to hear or consider this motion.'' It was also, in effect, objected that the court lost its right to entertain the motion because said motion was not fixed for hearing and presented on one of the regular law days which are designated as such by the rules of the superior court of Siskiyou County. On the sixteenth day of December, 1921, the motion and the objections to the consideration thereof by the court were taken up for hearing and argued by the respective counsel and on the first day of March, 1922, the court rendered its decision denying said motion. The order of the court denying the motion reads as follows:

"The motion of the defendants in the above-entitled action for an order changing the place of trial of said action from the above-entitled Court to the Superior Court of the State of California in and for the City and County of San Francisco, made in this Court on the 3rd day of December, 1921, and also the motion of said defendants in said action for an order changing the place of trial of said action from the above-entitled Court to the Superior Court of the State of California in and for the City and County of San Francisco, made in this Court on the 13th day of December, 1921, are this day denied without prejudice, and said defendants are and each of them is hereby given permission to renew said motion for a change of the place of trial in said action if they, or either of them, be so advised.''

The respondent has not filed any brief in support of the order from which this appeal is prosecuted, nor was he represented when the case was called for oral argument before this court. We do not know whether the failure of counsel for the respondent to file a brief supporting the order complained of by the appellants or to appear before this court and argue the case orally when it was regularly called for such hearing is to be taken as an abandonment of the case by respondent or an assumption on the part of counsel that the order appealed from is so obviously impregnable against successful attack as to require no argument to support it. At any rate, we are without enlightenment upon the views of counsel for the respondent as to

the theory upon which they expect the order to be sustained, if, indeed, they have entertained any such expectation. But, from the nature of the objections urged against the hearing of the several motions, as they are recorded in the transcript before us, we may well assume that the theory of the respondent was and is that the failure of the defendants to appear either in person or by counsel in the court below on the day originally fixed for the hearing of the motion to present and urge said motion amounted to an abandonment thereof and that said failure is equivalent to a waiver of their right, if any they have, for a change of the place of trial from the superior court of the county of Siskiyou to the superior court of the city and county of San Francisco. There was no objection made in the court below to the moving papers themselves or any question raised as to the sufficiency thereof. The sole objection to the hearing of the motion was that the court had lost jurisdiction to entertain the same for the reason that the motion as originally noticed was not pressed by counsel for the defendants, the latter not being present in court on the fourteenth day of November, 1921, the day fixed in the notice for the hearing of the motion. In other words, the contention seems to be that the defendants exhausted or waived their right to move for a change of venue because of their failure to press their motion on the day on which it was originally fixed for hearing.

[1] It may first be remarked that it is thoroughly settled that the right of a defendant to a change of venue in a proper case is absolute, but that such right may be waived. Authorities need not be cited upon this proposition.

[2] Although the caption of the complaint states that the defendants do "business under the firm name of Willett and Burr," the action is clearly against the defendants individually. The body of the complaint, as will be observed, alleges that the defendants "now are, and during all the times herein mentioned were engaged in and doing business in Siskiyou County, California, and are now engaged in the building and constructing of a road," etc., and that the plaintiff was employed by them through E. R. Miller, their superintendent. The caption of the summons is the same as that of the complaint and is addressed

to "Walter M. Willett and P. L. Burr, defendants." It is clear that the action does not come within the terms of section 388 of the Code of Civil Procedure. (*Davidson* v. *Knox*, 67 Cal. 143 [7 Pac. 413]; *Feder* v. *Epstein et al.*, 69 Cal. 456 [10 Pac. 785]; *Maclay Co.* v. *Meads*, 14 Cal. App. 363, 372 et seq. [112 Pac. 195, 113 Pac. 364].) Nor (if, in point of fact, the defendants constitute an association and as such engaged in doing the business mentioned in the complaint) does the action as it is made by the complaint come within the provisions of section 16 of article XII of the constitution. The action is personal in character and the defendants, unless the objections urged in the court below against their motion are legally sound, are entitled to an order changing the place of trial of the action from Siskiyou County to San Francisco. [3] We are of the opinion that there is no merit in the objections urged against the entertainment of the motion. While it is true that the record indicates that there were several attempts at the presentation of the motion as originally filed for a change of the place of the trial of this action, as a matter of fact, and in legal effect, there was but one motion, to wit, the motion noticed for the fourteenth day of November, 1921. The other so-called motions merely involved a revival or the pressing of the original motion. No other moving papers were filed than those originally filed and served and the proceeding was conducted entirely upon said papers. The fact that the defendants kept alive their original motion and persisted in having it heard and determined by the court is, of course, indubitable evidence that there was no intention on their part to abandon the motion or waive their right to an order changing the place of trial to the county of their residence. The case of *McNeill & Co.* v. *Doe*, 163 Cal. 338 [125 Pac. 345], is altogether different from the case at bar. In that case the defendant had regularly filed and served his motion for a change of the place of trial but the trial court denied the same on the ground that "the original and supplemental affidavits of merits were radically defective in essential particulars." Subsequently, the "defendant again served a notice and demand for the change of the place of trial, both on the ground of his residence in Tulare County when the suit was commenced, and the further ground of the convenience of witnesses, filing therewith an affidavit of

merits addressed to both grounds." The trial court, upon hearing said motion, denied the same. The defendant appealed from the last order and the supreme court, in upholding the same, said: "The appellant here was required to make his motion for the change when he filed his demurrer and he did so, but as his affidavit of merits was entirely insufficient within the plain requirements of the law, the court properly denied his motion. He accepted this ruling as correct, as it undoubtedly was, and it was conclusive of any right to subsequently renew his motion on his own initiative and on the same ground. His right to move ended with that denial. Hence, when he made the third motion on the same ground of residence in Tulare County, the court properly denied it, as his right to move in that respect was exhausted with the denial of his original application."

In this case, though, the court had not passed upon the motion. On the day originally fixed for the hearing, the matter of the motion, as the minutes of the court disclose, was not disposed of. It was not even postponed for hearing to a further date. The subsequent so-called motions were, as above stated, merely notices of the intention of the defendants to present and press the motion as originally made and there is, obviously, no ground for holding that the defendants, in such a situation, exhausted their right to proceed with a motion or that the court was without jurisdiction to hear and determine it.

In *Bohn* v. *Bohn*, 164 Cal. 532 [129 Pac. 981], a motion for a change of venue was denied on the ground "that the notice of motion was insufficient in that no time of hearing was designated in said notice of motion and on the further ground that no sufficient service of notice of motion had been given." The supreme court on appeal upheld the action of the trial court in denying the motion, but, among other things, had this to say: "It is suggested that, if sufficient notice had not been given, the court below should not have denied the application for change of venue, but should have deferred action to enable the defendant to give a proper notice. This would, no doubt, have been a proper course, if the defendant had requested it. But, instead of so requesting, he persisted, in the face of the objection of want of notice, in presenting his motion. . . . It may be, too, that a denial of the motion for want of notice would not be a bar

to a subsequent motion upon proper notice. But the question of defendant's right, if seasonably asserted, to renew his motion, is not involved here." (See, also, *Lundy* v. *Lettunich,* 50 Cal. App. 451 [195 Pac. 451].)

What the supreme court first suggested in the above excerpt from the Bohn case would be the proper course is substantially what the defendants did in this case.

[4] As to the objection to the hearing of the motion on the ground that it was not made on a regular law day, fixed by the rules of the superior court of Siskiyou County, the answer is that the rules of the courts cannot be invoked to control or be substituted for statutory provisions as to procedure. (*Bohn* v. *Bohn, supra.*)

The order appealed from is reversed, with directions to the trial court to make and enter an order granting the motion of defendants for the change of the place of trial as indicated in their moving papers.

Finch, P. J., and Burnett, J., concurred.