[L. A. No. 18265. In Bank. July 16, 1942.]

M. L. LYONS et al., Appellants, v. THE BRUNSWICK-BALKE-COLLENDER COMPANY (a Corporation) et al., Respondents.

Gibson, Dunn & Crutcher, Frederic Sturdy, David P. Evans and George H. Whitney for Appellants.

O'Melveny & Myers, Pierce Works and Jackson W. Chance for Respondents.

CARTER, J.—Plaintiffs appeal from an order of the Superior Court for Los Angeles County granting defendant Bowell's motion to change the place of trial of the above-entitled action from that county to the Superior Court for San Mateo County. It is conceded that the action is of a character which the defendants are entitled to have tried in the superior court for the county of their residence. Defendant Dooley resides in the city and county of San Francisco; defendant Bowell resides in San Mateo County; defendant, The Brunswick-Balke-Collender Company, is a foreign corporation authorized to transact business in this state. Bowell's motion was made upon the ground that the Superior Court for Los Angeles County was not the proper place of trial inasmuch as he is a resident of San Mateo County.

Plaintiffs commenced their action in the Superior Court of Los Angeles County on March 28, 1941. On April 29, 1941, defendants filed a joint demurrer to the complaint in the action, and at the same time defendant Dooley filed affidavits and notice of motion to change venue to the Superior Court of the City and County of San Francisco on the ground of his residence there, and that defendant Bowell did not reside in Los Angeles County. Accompanying Dooley's motion was an affidavit of merits by defendant Bowell in which he stated that "he . . . consents that the place of trial . . . be changed

to the Superior Court . . . for the City and County of San Francisco.'' The corporation defendant also consented to the change.

The motion for change of venue was set for hearing on May 9, 1941, but on May 7, 1941, plaintiffs dismissed the action as to defendant Dooley without prejudice.

On May 14, 1941, and before any hearing was had on the demurrer, defendant Bowell filed a notice of motion for change of venue to San Mateo County, on the ground that his residence was there, accompanied by affidavits stating that San Francisco City and County and San Mateo County are adjacent to each other, the situs of the courts of the respective counties being thirty miles apart; that he had theretofore consented to the change of venue to the Superior Court of the City and County of San Francisco moved for by Dooley because of ''the proximity of the City and County of San Francisco, to the County of San Mateo, the place of residence of affiant, and that the trial of the action in the Superior Court of the State of California, in and for the City and County of San Francisco would not impose any undue hardship on affiant for the reasons stated''; that he did not, and never intended to consent to the trial of the action in Los Angeles County; that the corporation defendant consented to his requested change of venue. At the same time Bowell filed a separate amended demurrer. Plaintiffs moved to strike Bowell's motion on the ground that he had waived his right to have the venue changed. The court granted Bowell's motion, and the other motions and demurrers were ordered off the calendar.

Dooley's motion and Bowell's motion were made pursuant to sections 395, 396b and 397 of the Code of Civil Procedure. Section 396b reads in part:

''. . . if an action or proceeding is commenced in a court having jurisdiction of the subject-matter thereof, other than the court designated as the proper court for the trial thereof, . . . the action *may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he answers or demurs, files* with the clerk, . . . an affidavit of merits and notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of such papers. Upon the hearing of such motion the court shall, if it appears that the action or proceeding was not commenced in the

proper court, order the same transferred to the proper court.''
(Emphasis added.)

It is plaintiffs' contention that under that section a motion for change of venue must be filed at the time the answer or demurrer is filed, otherwise the right to change of venue is waived, and that here defendant Bowell did not file a notice of motion when the joint demurrer was filed and Dooley made his motion, but rather consented to have Dooley's motion for a transfer to the City and County of San Francisco granted; therefore Bowell waived his right to a change of venue in the first instance and his motion came too late.

Section 396b of the Code of Civil Procedure permitting the defendant to have certain actions tried in the county where he resides is remedial in nature and should be liberally construed to the end that a defendant may not be unjustly deprived of that right. (*Lundy* v. *Lettunich,* 50 Cal. App. 451 [195 Pac. 451]; Code Civ. Proc., § 4.) Therefore in considering this appeal we must be guided by that principle.

It has been stated frequently that a motion for a change of venue on the ground of defendant's residence in another county should be filed at the time defendant demurs or answers; that rule follows the wording of section 396b of the Code of Civil Procedure. (*Witter* v. *Phelps,* 163 Cal. 655, 658 [126 Pac. 593]; *McNeill & Co.* v. *Doe,* 163 Cal. 338, 340 [125 Pac. 345]; *Wadleigh* v. *Phelps,* 147 Cal. 541 [82 Pac. 200]; *Jones* v. *Frost,* 28 Cal. 245; *Pearkes* v. *Freer,* 9 Cal. 642; *Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 Pac. 209]; *Reyes* v. *Sanford,* 5 Cal. 117; *Tooms* v. *Randall,* 3 Cal. 438; *Union Lum. Co.* v. *Metropolis Con. Co.,* 13 Cal. App. 584 [110 Pac. 329]; *Bell* v. *Camm,* 10 Cal. App. 388 [102 Pac. 225]; *Powell* v. *Sutro,* 80 Cal. 559 [22 Pac. 308]; *Remington S. M. Co.* v. *Cole,* 62 Cal. 311, 318; *Story* v. *Christin,* 137 Cal. App. 484 [30 P. (2d) 1016]; *Cook* v. *Pendergast,* 61 Cal. 72.) But the reasoning upon which those cases are based is that the failure to move for a change of venue on the ground of residence at the time of demurrer or answer constitutes a *waiver* of the right to have the venue changed. (*Wadleigh* v. *Phelps, supra; Cook* v. *Pendergast, supra; Jones* v. *Frost, supra; Pearkes* v. *Freer, supra; Bell* v. *Camm, supra; Pittman* v. *Carstenbrook,* 11 Cal. App. 224 [104 Pac. 699]; *Howell* v. *Stetefeldt Furnace Co.,* 69 Cal. 153 [10 Pac. 390]; *Henry* v. *Willett,* 60 Cal. App. 244 [212 Pac. 698]; *Bohn* v. *Bohn,* 164 Cal. 532 [129 Pac. 981]; *Herd* v. *Tuohy,* 133 Cal.

55 [65 Pac. 139]; *Watts* v. *White,* 13 Cal. 321, 324; *People* v. *Sterling Refining Co.,* 86 Cal. App. 558 [261 Pac. 1080]; *Bloom* v. *Oroville-Wyandotte Irr. Dist.,* 34 Cal. App. (2d) 102 [93 P. (2d) 164]; see, also, *Gallo* v. *Boyle Mfg. Co., Inc.,* 30 Cal. App. (2d) 653 [86 P. (2d) 1067].) For illustration it is said in *Howell* v. *Stetefeldt Furnace Co., supra,* 154:

"The object had in view by the legislature in enacting section 396 (now 396b), Code of Civil Procedure, was to prevent trials of actions in counties other than those in which defendants resided, unless they waived such right." And in *Cook* v. *Pendergast, supra,* 78:

"Section 396 (now 396b) of the Code of Civil Procedure provides, in effect, that a defendant *may be held to have waived his right* to a change of the place of trial on the ground that the action has not been commenced in the proper county, unless at the time he first appears either by answer or demurrer, he files an affidavit of merits, and demands in writing a transfer to the proper county." (Emphasis added.) Furthermore it has been held, in cases where the change of venue was sought at the time the demurrer or answer was filed that there was no waiver by defendant of his right by subsequent conduct in the action unless he thereby evinced an intent to invoke the jurisdiction of the court in which the action was commenced for the determination of questions of fact or law, or that he in effect consented to the trial of the case in such court. (*Pittman* v. *Carstenbrook, supra; Bloom* v. *Oroville-Wyandotte Irr. Dist., supra; Lundy* v. *Lettunich, supra;\ Goss* v. *Brown,* 64 Cal. App. 381 [221 Pac. 683]; *Gallo* v. *Boyle Mfg. Co., Inc., supra; Wood, Curtis & Co.* v. *Herman Min. Co.,* 139 Cal. 713 [73 Pac. 588].) It is true, as pointed out by plaintiffs, that in those cases the papers for change of venue were filed at the time specified in section 396b of the Code of Civil Procedure, and the court was concerned with whether or not acts other than the failure to file the papers in time constituted an express or implied waiver, but as we have seen, the theory in either case is *waiver* on the part of defendant. ▮ Waiver is ordinarily a question of fact. (25 Cal. Jur. 932.) ▮ While it may be true that the failure to institute proceedings for change of venue on the ground of residence at the time of filing a demurrer or answer, *standing alone,* requires as a matter of law that relief be denied when an attempt to obtain it is made by later proceedings, there is nothing in section 396b or the

cases heretofore cited, which compels a holding that such waiver occurs as a matter of law where, as in this case, there is a sufficient showing that there was no intent to waive the right or to invoke the jurisdiction of the court in which the action is commenced, and the defendant has acted in good faith and with diligence. To blind one's self to the realities by a slavish adherence to technicalities is not consonant with justice or the liberal tendencies with respect to rules of procedure and practice. To give the construction to section 396b contended for by plaintiffs would be unreasonable and out of line with the rules pertaining to waiver. Furthermore, it would require a strict and literal, rather than a liberal interpretation of that section.

The right of the defendant to have certain actions tried in the county of his residence "is an ancient and valuable right, which has always been safeguarded by statute and is supported by a long line of judicial decisions. 'The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.' (*Brady* v. *Times-Mirror Co.,* 106 Cal. 56 [39 Pac. 209].)'' (*Brown* v. *Happy Valley Fruit Growers,* 206 Cal. 515, 522 [274 Pac. 977].) The facts of this case clearly present a situation in which it should be said that defendant Bowell has not waived that right as was found by the trial court. His residence being near the city and county of San Francisco there was no reason for him to insist on a trial in San Mateo County. He did not at any time consent that the Superior Court of Los Angeles County should retain the right to try the action. When his co-defendant Dooley demanded a transfer to the Superior Court of the City and County of San Francisco, he naturally agreed that that court could try the case; it was not equivalent to his consent that the case be tried in the Superior Court of Los Angeles County. Plaintiffs then, without prior notice to defendants of their intention to do so, dismissed the action as to defendant Dooley. The reason therefore may reasonably be said to have been to prevent the transfer of the case from Los Angeles. Defendant Bowell was then placed in a position where he had to make his motion for a transfer if he wished to preserve his right. He acted promptly, a week after the dismissal, and filed an amended demurrer at the same time. As far as appears, the demurrer had not been

submitted to the court for decision nor ruled upon when he filed his motion for a transfer. Plaintiffs have suffered no prejudice.

The order is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., and Traynor, J., concurred.