MAX E. LAMB AND HARTFORD ACCIDENT & INDEMNITY COMPANY, APPELLANTS *v.* C. B. KNOX, RESPONDENT.

No. 4316

January 31, 1961

358 P.2d 994

(Petition for rehearing denied February 10, 1961.)

*Carl F. Martillaro*, of Minden, *Hawkins, Cannon and Kelly*, and *Flangas and Stone*, of Las Vegas, for Appellants.

*Charles E. Catt*, of Las Vegas, for Respondent.

**OPINION**

By the Court, McNAMEE, J.:

Action was brought in the Eighth Judicial District Court in and for the County of Clark to cancel a mechanic's lien on real property situated in Nye County, Nevada, and for damages. Respondent, plaintiff therein, obtained personal service in Nevada on the appellants, and upon their failure to appear in the action, their default was entered. Thereafter, on May 26, 1959, the court took evidence and entered judgment on May 29, 1959 in favor of respondent and against appellant Lamb for the relief prayed for.

On October 19, 1959, appellants filed two motions in said action, one to set aside said default, and the other to dismiss the complaint. The motion to set aside the default was made on the ground that within the period allowed for answering the complaint after service of summons, appellants had prepared a motion for change of venue which the clerk of the court refused to file. The motion to dismiss the complaint was made on the ground that the court was without jurisdiction to hear the action. Both motions were denied on January 15, 1960.

On February 10, 1960, upon the application of respondent, the lower court entered a money judgment against appellant Hartford Accident & Indemnity Company in the amount prayed for in said complaint.

Appeal is from the said judgments of May 29, 1959 and February 10, 1960, and from said order of January 15, 1960.

The main question for determination is whether or not the district court of Clark County had jurisdiction to hear and determine an action involving real property in Nye County. Appellants, as their first assignment of error, contend that the trial court lacking jurisdiction erred in refusing to grant their motion to dismiss the complaint.

Subsection 2 of NRS 13.010 prescribes that actions for the determination in any form of a right or interest in real property shall be "tried" in the county where the real property is situated, "subject to the power of the court to change the place of trial as provided in this chapter."

The provision referred to is NRS 13.050 which reads as follows:

*"Cases in which venue may be changed.*

"1. If the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant before the time for answering expires demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of the parties, or by order of the court, as provided in this section.

"2. The court may, on motion, change the place of trial in the following cases:

"(a) When the county designated in the complaint is not the proper county.

"(b) When there is reason to believe that an impartial trial cannot be had therein.

"(c) When the convenience of the witnesses and the ends of justice would be promoted by the change.

"3. When the place of trial is changed, all other proceedings shall be had in the county to which the place of trial is changed, unless otherwise provided by the consent of the parties in writing duly filed, or by order of the court, and the papers shall be filed or transferred accordingly."

With respect to actions involving land, NRS 13.010 and NRS 13.050 expressly give jurisdiction to courts in

counties other than the county in which the real estate is located to try the actions: (1) when the action is commenced in the county where the land is situated but an impartial trial cannot be had therein or the convenience of witnesses or the ends of justice would be promoted by the change, or (2) where the action is commenced in any county other than the county in which the land is located and the defendant fails to make proper demand for a change.

In other words, statutes relating to venue within a state are rules of procedure, regulating the place of trial, and actions within their terms, if not subject to constitutional limitations, may be commenced in any county, subject only to transfer upon demand and motion of the defendant to the proper county, unless such right be waived. Brock v. Superior Court of Stanislaus County, 29 Cal.2d 629, 177 P.2d 273; Paige v. Sinclair, 237 Mass. 482, 130 N.E. 177; 4 California Law Review, 257–260. There are no constitutional limitations in Nevada; the Nevada Constitution is silent as to venue.

We are not concerned herein with statutory provisions which provide that an action must be *commenced* within a certain county as was involved in Pacific Yacht Club v. Sausalito Bay Water Co., 98 Cal. 487, 33 P. 322.

This action having been commenced in Clark County whose court had jurisdiction thereof could properly be tried in said county, subject, of course, to removal to the proper county under the provisions of NRS 13.050. Consequently, appellants' first assignment of error is without merit.

Appellants contend, however, that their motion to set aside the default made on the ground that they had timely moved for a change of venue prior to the entry of default should have been granted.

There is nothing in the record in the nature of a demand or motion for a change of venue as required by NRS 13.050. Their mere assertion in their motion

to set aside the default that their "motion for change of venue was made by mailing same to the clerk of the court of the Eighth Judicial District and that said clerk refused to file said motion" must be disregarded because it is supported by neither affidavit nor other evidence. In fact, the minutes show that no evidence was presented at the time of the hearing on the motion to set aside the default. By failing to comply with NRS 13.050 appellants waived any right under said statute to have the case tried in Nye County where the land involved in the action was situated. Connolly v. Salsberry, 43 Nev. 182, 183 P. 391; Lyons v. Brunswick-Balke-Collender Co., 20 Cal.2d 579, 127 P.2d 924, 141 A.L.R. 1173. The trial court, therefore, properly denied appellants' motion to set aside the default.

The judgments and order appealed from are affirmed.

BADT, C. J., and PIKE, J., concur.