## CHESTER *v.* MILLER *et al.*

EQUITY has jurisdiction to vacate a judgment fraudulently altered, so as to include a defendant not served with process, and not originally included in the judgment.

No objection to this jurisdiction, that the judgment was on its face void ; because the plaintiff was liable to be harrassed by it, and defendants were in the act of enforcing it.

When the record shows, in general terms, the appearance of parties, the appearance will be confined to those parties served with process.

If there be any rule requiring the payment of a debt, in judgment, or a denial of its justice, before a party, complaining of judgment without notice to him, can ask equity to vacate it, that rule cannot apply to the case of judgment rendered for a penalty under a penal statute.

An alteration by the Court, of a judgment, without notice, so as to include a party not served with process, if not void, is voidable at the election of the party.

APPEAL from the Third District.

For case see opinion. The complaint, in addition to the statement in the opinion, charges conspiracy on the part of defendants to defraud plaintiff out of his property ; that Miller is irresponsible.

*A. T. Wilson,* for Appellants,

1. The demurrer was well taken. The allegations of the bill make out no case under any head of chancery jurisdiction. (*E. L. White* v. *S. B. Harris,* Oct. Term, 1856; Story's Eq. Jurisp. Sec. 894, p. 898; *Addington* v. *Allen,* 11 Wend. 375; 1st head note and opinion of Mr. Senator Tracy, 408; *Kinder* v. *Macy,* 7 Cal. 206; *Porter* v. *Herman,* 8 Id. 619; *Snow* v. *Halstead,* 1 Id.; *Hardwick* v. *Forbes' Adm's,* 1 Bibb, 212.)

2. Both Clark & Brocklebank, Attorneys-at-Law, appeared and put in an original and amended answer for Chester, in the Justice's Court. It is immaterial whether they were authorized by Chester or not to do so, until he shows that they are not solvent. (*Denton* v. *Noyes,* 6 Johns.; *Sugdam* v. *Pitcher,* 4 Cal. 280; *Welton* v. *Garibardi,* 6 Id.)

Again, the defendants in the suit, in the Justice's Court, had appealed to the County Court, and if the judgment was wrong in the Justice's Court, Chester had ample opportunity to correct it in the County Court.

*Latham & Sunderland,* for Respondent.

I.   There was no service on Chester, in the suit of *Miller* v. *McDonald et als.* and no appearance by him. The Court, in that case, therefore, acquired no jurisdiction over his person, and the judgment, if any was rendered against him, was void. The original answer filed was for McDonald only. When the record recites in general terms the appearance of the parties, such appearance will be confined to those parties served with process. (*Edwards* v. *Traner,* 14 S. & M. 76.)

II.   The execution having been levied, could not thereafter be amended. (*Toof* v. *Bently & Harris,* 5 Wend. 276.)

Equity will relieve in cases like this. Chester had no notice of the amendment until it was too late to appeal. The judgment, then, upon its face was valid, and a Court of law could give him no adequate, if any, relief. Other executions could issue. They would be regular upon their face, and protect the officer who might serve them. (2 Story's Eq. Jurisp. Sec. 887.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

Chester *v.* Miller.

Bill filed to vacate and set aside a judgment in an action of forcible entry and detainer. The bill states that judgment was rendered by a Justice of the Peace, 3d September, 1856; that no process was served on the plaintiff, who was one of the defendants in that action; that execution issued on 5th of September, 1856, against the other defendants who had appeared, and that the defendants, finding that they could not make the money of those defendants, "some how" got possession of the Justice's docket, and interlined the name of the plaintiff in the judgment, and also altered the execution by a like insertion, and are proceeding now to make the money on such process. The defendant, Wilson, demurred to this complaint. The Court below overruled the demurrer.

Afterwards the defendants answered the bill, and, on the trial, a decree was rendered for the plaintiff.

The evidence, on the trial, was conflicting as to whether Chester did or did not appear by Attorney.

1. The judgment, as originally entered, and the execution, as originally issued, were entered and issued as if he had not appeared, and seem subsequently, and without notice, to have been altered. The Judge below having found that there was no appearance for Chester, on this conflicting proof, we do not feel disposed to review his judgment.

2. The only other question is, as to the remedy. Has equity jurisdiction of this case? Though not very explicitly stated, the charges in the bill amount to a charge of fraud—the fraudulent alteration of records. The remedy by appeal might suffice in ordinary cases, if the record showed a want of service as to Chester; but it seems that Chester inquired if judgment had been rendered against him, and was informed that it had not— at least, there is proof to that effect. It was not until after execution of the writ of possession, that the alteration in the writ was made. Nor is there any proof that there was notice of this alteration to Chester until it was too late to appeal from this summary judgment. It will not do to say that the judgment on the face of it was void; the plaintiff was liable to be harrassed by it, and the defendants were in the act of enforcing it against him. (2 Story's Eq. Sec. 887.)

3. It is said that the Attorney, Brocklebank, appeared for all

the parties, Chester included, and that this is evidenced by an answer to which his name is signed. But it is held that the recital of an appearance is never conclusive, and where the expression is general, it is confined to those parties who have been served with process. (*Miller* v. *Ewing*, 8 S. & M. 421 ; *Tarney* v. *Jordan*, 4 How. Miss. 401; *Dean* v. *McKinstry*, 2 S. & M. 213 ; *Edwards* v. *Traner*, 14 S. &. M. 76.)

But Brocklebank does not profess in this answer — which seems to be only an amendment to an answer of Powell Mc-Donald, signed by Clark as Attorney—to appear for the plaintiff here.

Nor does it anywhere more distinctly appear that Chester appealed from the judgment. Indeed, the evidence, if it is to be believed, shows that he neither considered himself, nor did the Justice consider him, a party affected by the judgment; for the appeal was taken by the parties for whom Clark, Blake, and Brocklebank, appeared, on the 4th of September, 1856, which was before the alteration was made in the execution.

It must be remembered that this is a highly penal statute under which judgment was obtained, and that the rule of equity, that a party must do equity before he can ask it, has no application, if that rule requires the payment of the debt in judgment, or a denial of its justice, before the party complaining of judgment, without notice to him, could go into equity to set it aside. If there be any such rule as the Appellant insists, it has no application to the case of a judgment rendered for a penalty against a party so amerced without notice.

This is not a bill in equity for a new trial, but a bill filed to set aside a judgment which was properly entered at first, in effect, for the defendant, Chester, and subsequently, without any authority, altered so as to appear as a judgment against him. The Justice of the Peace, after having entered the judgment according to law, had no right to alter it without notice to defendant, Chester, so as to make it an illegal and improper judgment. The entry of the judgment after the return of the verdict was a final act, and the alteration subsequently, at least without notice to Chester, was, if not void, such an abuse of the authority of the Justice, (Chester never having been served with process, and, therefore, not being within the power of the Court,) as

to render the whole proceeding voidable at his election. The Justice might as well, six months after the first entry, have amended the judgment so as to include any other stranger to the proceeding.

We think the judgment should be affirmed.