# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT,

## APRIL SESSION, 1880.

[No. 7,049.—Department No. 2.]

## ROWLAND v. COYNE ET AL.

APPEARANCE.—In an action against several defendants—one of whom had not been served with summons—a demurrer was served and filed, beginning with the words, "And now come the defendants, etc.," and signed C. P. & S., "attorneys for defendants": *Held*, that this was an appearance of all the defendants under the express provisions of the Code. (Code Civ. Proc. § 1014.)

CHANGE OF PLACE OF TRIAL—AFFIDAVIT OF MERITS.— Upon a motion to change the place of trial, in an action against a Sheriff and his sureties, on the ground that the action was not brought in the proper county: *Held*, that the affidavit of merits (quoted in the opinion) was sufficient; and also, that it was not necessary for affidavits to be filed by the other defendants.

APPEAL from an order changing the place of trial, in the Superior Court of Los Angeles County. SEPULVEDA, J.

The facts are stated in the opinion.

*Graves & Chapman,* for Appellant.

Tasker had not appeared, and was not entitled to move for a change of place of trial. If the action be commenced in the wrong county, it may, nevertheless, be tried there, unless the defendant, at the *time* he answers or demurs, files an affidavit of merits, and demands in writing that the trial be had in the proper county. (Code Civ. Proc. § 396.) The intent of the

statute is that, before the party shall be permitted to object, he must submit himself to the jurisdiction of the Court.

An appearance in general terms for the defendants will be confined to those defendants who have been served with process. (*Chester* v. *Miller*, 13 Cal. 561; *Miller* v. *Ewing*, 8 Smedes & M. 421; *Dean* v. *McKinstry*, 2 id. 213; *Edwards* v. *Toomes*, 14 id. 76; *Torry* v. *Jordan*, 4 How. (Miss.) 401.)

There was no affidavit of merits on the part of any defendant, except Coyne, and the motion should have been denied for that reason. (Code Civ. Proc. §§ 396, 17.) The statute means, that where there are several defendants, they must all comply with the conditions. The purpose of the statute, in requiring the affidavit, is not to convince the Court that there is a good defense, but is to show the good faith of the moving parties.

The affidavit is also insufficient, because it does not state that the defendant *believes* that he has a good defense, but only that he believes that his counsel so informed him. (1 How. Pr. 60; Id. 162.)

*Levi Chase, E. Parker,* and *Will. M. Smith,* for Respondents.

. The statute was complied with in all respects. The affidavit of merits by Coyne was sufficient for all the defendants. No judgment could be recovered against the sureties without a recovery against the principal. His defense is necessarily a defense for all. But though it were not sufficient for the sureties, it was sufficient for Coyne. Each defendant had the right to change the place of trial; and the waiver of all the others could not prejudice or destroy his right. (*O'Neil* v. *O'Neil*, 54 Cal. 187.)

THORNTON, J.:

This action was brought in the Superior Court for the County of Los Angeles, against Joseph Coyne, the Sheriff of the County of San Diego, and the sureties on his official bond, to recover damages for an alleged breach by the Sheriff of the conditions in the instrument last named. Service of summons was made on all the defendants to the action in the County of San Diego, except Joseph Tasker, one of the sureties above referred to.

The action was commenced on the 6th of January, 1880, and on the 28th of the same month a demurrer was served and filed by Chase, Parker, and Smith, who signed the demurrer as "attorneys for defendants." The demurrer begins as follows: "And now come the defendants in the above entitled action, and for demurrer to," etc.

At the same time that this demurrer was filed and served, a demand in writing, that a trial of the case should be had in the County of San Diego, was served and filed by the above-named attorneys, on behalf of all the defendants, and an affidavit of merits was made by Joseph Coyne, and also an affidavit that all the defendants were, when the action was commenced, residents of the County of San Diego, and that no one of them resided in the County of Los Angeles; that Tasker was not, at that time, in the County of San Diego, but was then, and still is, temporarily living in the Territory of Arizona.

The plaintiff did not comply with the demand, and on the same day on which the demand and affidavit of merits was filed and served, a notice was served on the attorney for plaintiff by the attorneys above mentioned, on behalf of all the defendants, that on the 2nd of February, 1880, a motion would be made, on the papers above mentioned, and on the pleadings and papers on file in the action, to change the place of the trial of the cause from the County of Los Angeles to the County of San Diego. This motion came on regularly to be heard, at which time those affidavits were read on the motion, which it is unnecessary, in the view we take of the cause, to refer to further. The Court granted the motion, to which an exception was taken, and from the order granting this motion this appeal is prosecuted.

It is contended that Tasker had made no appearance in the action, and was not entitled to move for a change of the place of trial. We have seen that certain attorneys regularly demurred to the complaint for all the defendants. This is an appearance under the express provisions of the Code. (Code Civ. Proc. § 1014.) The case of *Chester* v. *Miller*, 13 Cal. 561, cited by counsel for plaintiff, has no bearing on this question. The remarks of the Court in that case, in regard to the meaning of a recital of appearance by defendants, referred to a recital in the docket of a Justice of the Peace. We must hold the above

an appearance of Tasker, or repeal the statute. The latter we cannot do.

It is argued that the affidavit of merits is insufficient. It is as follows:

"Title of Court and Cause. Affidavit of Joseph Coyne. Joseph Coyne, being first duly sworn, on oath says: I am the principal defendant in this action, and have a personal knowledge of the matters to be put in issue therein. That I have fully and fairly stated the facts in this case to my counsel, Levi Chase, E. Parker, and Will. M. Smith, and after said statement they informed me that I had a good and valid defense upon the merits to said action, and to all of it, all of which I verily believe to be true.          JOSEPH·COYNE.

"Subscribed and sworn to before me, this 27th day of January, 1880.          GILBERT RENNE, .

"[Notarial Seal.]          ·          Notary Public."

The criticism is, that the affiant Coyne swore to the fact only that his counsel *informed* him that he had a good and sufficient defense, etc. We do not so construe the affidavit. Coyne, in our opinion, deposed to the fact that he was informed by counsel as he states, and further, that he then believed all of it. The affidavit is sufficient.

There is nothing in the objection that the affidavit of merits was made by one of the defendants only. It was used on behalf of all. If Coyne, the Sheriff, had a defense on the merits, it followed that the defendants, his sureties, had the same.

We find no error in the record. The order was properly made, and is affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.