REBOIRA, PETITIONER, v. LLOREDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of Arecibo in an Action of Debt.

No. 267.—Decided December 9, 1919.

PLEADING—APPEARANCE—SUMMONS—DEFAULT.—When after a complaint has been filed an attorney enters appearance and files a demurrer signed by him as attorney for the defendants, although all of them had not been summoned, such voluntary appearance is equivalent to personal service of the summons, according to section 98 of the Code of Civil Procedure, and if thereafter the complaint is amended and a copy of the amended complaint is delivered to the said attorney and the defendants fail to plead to it within the time allowed by law, default should be entered against such defendants.

The facts are stated in the opinion.

*Messrs. Eduardo Marín* and *Luis Mercader* for the petitioner.

The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

At the petition of José Dolores Reboira this court ordered the Judge of the District Court of Arecibo to send up the original record in the action brought in that court by the petitioner against the Succession of Carlos Dávila, the pur-

pose being to review the decision of which the plaintiff complains and correct it if necessary.

It appears from that record that the action was to recover a certain secured loan alleged to be owing by the Succession of Carlos Dávila, composed of his children and widow whose names are given in the complaint. All of the defendants except two having been summoned, attorney H. Miranda entered appearance for the defendants and demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, signing that pleading as attorney for the defendants.

Before the demurrer was argued before the court the plaintiff filed an amended complaint, of which he gave due notice to attorney H. Miranda, and after several months had passed without the defendants' filing any plea to the amended complaint, the plaintiff petitioned the clerk of the court to note the default of the defendants and enter judgment in his favor, which the clerk did as follows: "Filed in my office and the default of the defendants, the Succession of Carlos Dávila, has been noted. *   *   *"

A few days after this entry, or on September 4, 1919, the plaintiff moved the court to include the case in the calendar of the 8th and set it for hearing on Friday the 12th of the same month. The motion was overruled by the court on the ground that the default and judgment should not have been entered because the clerk had noted the default when there was no showing that the defendants had been summoned in response to the amended complaint, and because the default should be noted against the individual defendants, inasmuch as a succession is not an artificial person. For the review of that ruling the present petition for a writ of certiorari was presented.

By reason of the terms in which attorney Miranda entered his appearance on the record, we must take as a basis for the consideration of this proceeding that he entered appearance in the names of all of the defendants, although all

of them were not summoned. *Rowland* v. *Coney*, 55 Cal. 1. The voluntary appearance of the defendants is equivalent to personal service of the summons with a copy of the complaint, as provided in the last paragraph of section 98 of the Code of Civil Procedure.

The plaintiff had the right to amend his complaint without asking the court's permission, as is clearly prescribed in section 139 of the said code to the effect that any pleading may be amended once by the party as of course, and without costs, at any time before answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, who may have ten days thereafter in which to answer or demur to the amended pleading.

In accordance with that statute the plaintiff not only had a right to amend his complaint, but, besides, as the defendants had appeared by counsel, it was sufficient for him to deliver a copy of the amended complaint to the attorney for the defendants without again summoning them, for, according to section 323 of the said code, a defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him; and after appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given.

As in this case more than ten days elapsed from the delivery to defendants' attorney of a copy of the amended complaint without the defendants' pleading to it, the entry of default was proper.

As to the other ground of the ruling under review, we are of the opinion that considering the terms in which the default was entered by the clerk of the court, he did not enter the default of the Succession of Carlos Dávila as an artificial person, but entered the default of the defendants, for the words "Succession of Carlos Dávila" which he included in the entry merely explain unnecessarily that they

compose that succession; and as in entering the default of the defendants all of the defendants were included, it was unnecessary to name them individually.

For the foregoing reasons the order refusing to include the case in the calendar of default cases must be

*Set aside.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison took no part in the decision of this case.