Reboira, Peticionario, v. Juez de la Corte de Distrito de Arecibo, Demandado.

Recurso de *certiorari* contra el Juez de la Corte de Distrito de Arecibo, en un pleito sobre cobro de dinero.

No. 267.—Resuelto en diciembre 9, 1919.

Comparecencia Voluntaria—Emplazamiento Innecesario—Rebeldía de los Demandados.—Cuando presentada una demanda comparece un abogado formulando excepción previa que suscribe como abogado de los demandados, aunque todos no hayan sido citados y emplazados, tal comparecencia voluntaria es equivalente a la diligencia de citación personal, según el artículo 98 del Código de Enjuiciamiento Civil; y si enmendada la demanda y entregada copia de ella a dicho abogado la parte demandada no hiciere alegación alguna contra ella en el término legal, procederá la anotación de rebeldía.

Los hechos están expresados en la opinión.

Abogados del peticionario: Sres. *Eduardo Marín* y *Luis Mercader.*

El demandado compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

A petición de José Dolores Reboira libramos orden al Juez de Distrito de Arecibo para que nos remitiese los autos originales seguidos ante él por el peticionario contra la sucesión de Carlos Dávila con el fin de examinar la resolución de que se queja el demandante y corregirla si a ello hubiere lugar.

De esos autos resulta que la demanda tiene por objeto cobrar cierta cantidad de dinero de un préstamo con garantía de productos agrícolas que se alega debe la sucesión de Carlos Dávila, compuesta por los hijos y la viuda cuyos nombres se especifican en ella. Citados los demandados, menos dos, se personó en los autos el abogado don H. Miranda en nombre de la parte demandada alegando la excepción de que la demanda no aduce hechos suficientes determinantes de causa de acción y firmó esa alegación como abogado de los demandados.

Antes de que esa excepción fuera discutida ante la corte

la parte actora presentó demanda enmendada que notificó al abogado don H. Miranda y transcurridos algunos meses sin que se presentara por los demandados alegación alguna contra la demanda enmendada, el demandante pidió por escrito al secretario de la corte que anotase la rebeldía de los demandados y registrase sentencia a su favor, limitándose el secretario a anotar la rebeldía en la siguiente forma: "Archivado en mi oficina y anotada la rebeldía de los demandados, sucesión de Carlos Dávila    *    *    *.''

Pocos días después de esa anotación, en 4 de septiembre de 1919, el demandante presentó escrito a la corte pidiéndole que el pleito en rebeldía fuera incluído en el calendario del día 8 para ser visto el viernes 12 de dicho mes, petición que negó la corte declarando no haber lugar a la anotación de la rebeldía ni a registrar sentencia porque el secretario hizo la anotación de rebeldía sin existir constancia alguna del emplazamiento o citación a los demandados de la demanda enmendada y porque la anotación de rebeldía debe ser individual, por no ser una sucesión una persona jurídica. Contra esta resolución fué que se interpuso el auto de *certiorari* que estamos considerando.

Por los términos en que el abogado Sr. Miranda hizo su comparecencia en los autos tenemos que tomar como base para resolver la materia de este recurso que hizo la comparecencia en nombre de todos los demandados, aunque todos no fueron citados y emplazados *Rowland* v. *Concy*, 55 Cal. 1. La comparecencia voluntaria de los demandados es equivalente a la diligencia de su citación personal y entrega de copia de la demanda, según declara el último párrafo del artículo 98 del Código de Enjuiciamiento Civil.

Tenía el demandante derecho a enmendar su demanda sin pedir permiso a la corte porque así lo reconoce claramente el artículo 139 del propio código al establecer que cualquiera alegación podrá enmendarse una vez por la parte que la haya presentado sin costas, en cualquier tiempo antes de presentarse la contestación o excepciones previas o des-

pués de éstas y antes de juzgarse la cuestión de derecho planteada por la alegación que ha de enmendarse, lo cual se hará presentando la enmendada y entregando copia de la misma a la parte contraria, quien tendrá diez días contados desde la entrega para contestar o formular, excepción previa contra la alegación enmendada.

De acuerdo con el precepto que acabamos de mencionar, no sólo tenía el demandante derecho para enmendar su demanda, sino que, además, por haber comparecido en el pleito los demandados por medio de abogado le bastaba al demandante con entregar copia de la demanda enmendada al abogado de los demandados, sin necesidad de hacer nueva citación y emplazamiento de ellos, pues según el artículo 323 del mismo código, un demandado comparece cuando contesta, opone excepción previa o notifica por escrito su comparecencia al demandante, o cuando un abogado hace constar su comparecencia por dicho demandado; y después de la comparecencia el demandado o su abogado tendrá derecho a que se le notifiquen todos los procedimientos subsiguientes cuando corresponda.

Como en este caso transcurrieron más de diez días desde que fué entregada al abogado de los demandados la copia de la demanda enmendada sin que los demandados hicieran alegación contra ella, era procedente la anotación de rebeldía.

En cuanto al otro fundamento de la resolución que examinamos opinamos que, dados los términos en que está extendida la anotación de rebeldía hecha por el secretario de la corte, este funcionario no anotó la rebeldía de la sucesión de Carlos Dávila como persona jurídica, sino la de los demandados, pues las palabras "sucesión de Carlos Dávila" que puso a continuación solamente son una explicación innecesaria de que ellos componen esa sucesión; y como al anotar la rebeldía de los demandados comprendía a todos los que fueron demandados, no era necesario que los mencionara individualmente.

Por las razones expuestas debemos anular la resolución

que declaró no haber lugar a la inclusión del pleito en el calendario de asuntos en rebeldía.

>*Anulada la resolución de la corte inferior declarando no haber lugar a la inclusión del pleito en el calendario de asuntos en rebeldía.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.