CARMELO RAMOS, Plaintiff and Appellee, *v.* RAMÓN LLOVERAS-SOLER, Defendant and Appellant.

No. 3956. Argued February 8, 1927.—Decided April 29, 1927.

*Carmelo Honoré* and *Juan B. Soto* for the appellant. *J. H. Brown, C. Ruiz Nazario* and *G. E. González* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The complaint herein was filed on October 23, 1923. On

November 8th defendant filed a motion for a change of venue, upon the ground of residence in another district. This motion was accompanied by two affidavits and there is no suggestion that it was clearly frivolous or obviously dilatory and interposed only for the purpose of delay.

On March 18, 1925, the default of defendant was noted, a trial was had on August 24th at which plaintiff introduced his evidence, and a judgment in his favor for $5,000 and costs was rendered on September 10th and entered on September 12th. A statement of the case approved by the trial judge recites that defendant appeared at the proper time by motion for a change of venue duly verified and accompanied by affidavits of merits; that the said motion was never discussed or disposed of in any manner whatsoever, and that the trial was had after setting the case by inclusion thereof in a special calendar without notice to defendant and in his absence.

The third ground of appeal is that the court below erred in rendering judgment by default without having first disposed of the motion for a change of venue, and appellee refers us to the case of *Busó* v. *Borinquen Sugar Co.*, 19 P.R.R. 337, as conclusive upon this point.

The opinion in the *Busó Case*, in so far as it does not proceed upon the theory of a waiver and a submission to the jurisdiction of the court wherein the action was commenced, seems to rest upon section 13 of the Civil Code, reenforced to some extent by a dictum contained in the case of *Torres* v. *Torres*, 16 P.R.R. 334.

The motion in the *Torres Case* was filed at the time of demurrer to the complaint and was not based upon residence in another district, but upon the convenience of witnesses. The claim thus presented was not and could not be urged as a matter of right under the provisions of section 82 of the Code of Civil Procedure, but was of necessity addressed to the sound discretion of the court in accordance with para-

graph 3 of section 83. What the court held, in so far as pertinent to any question herein, was that—

"Where a motion for a change of venue is made on the ground of the convenience of the witnesses, it does not raise the question of whether or not the court where the case is pending has jurisdiction.

"Where a motion for a change of venue, on the ground of the convenience of the witnesses, is filed together with a demurrer it is premature, because the court can not be called upon to exercise its discretion before there is an issue of fact.

"A defendant has a right to demand a change of venue when the case is properly cognizable in another district, but where the convenience of the witnesses is involved the court must exercise its discretion."

In the body of the opinion and by way of preface to the dictum emphasized in the *Busó Case,* the court is careful to say:

"We agree with the appellees that the question of whether the defendants reside or should be sued in another district is not properly raised, the motion and the affidavit confining themselves to the alleged convenience of the witnesses."

In *Baker, Carver & Morell* v. *Healy & Siebert,* 31 P.R.R. 527, after quoting at length from *Smith* v. *Smith,* 88 Cal. 575, and *Buck* v. *City of Eureka,* 97 Cal. 135, and after distinguishing a Montana case, this court said:

"It is also true that in California some of the decisions, like some of our own, perhaps, (as for example *Agenjo* v. *Santiago,* 25 P.R.R. 432) cited by appellee, are not in full harmony with the obvious purpose of the code provisions and the liberal construction thereof suggested by the extracts from the opinions in *Smith* v. *Smith* and *Buck* v. *City of Eureka, supra.*

"On the other hand, in *State ex rel. Allen* v. *Superior Court,* 9 Washington 668, we find the following:

" 'In determining as to the sufficiency of the affidavit of merits, the object for which it was filed must be taken into consideration. Under our statute a resident of any county is entitled as a matter of right to be sued in the county in which he, or some of his co-defendants, reside, but for the purpose of preventing judgments

rendered in good faith from being open to collateral attack by show ing subsequent to their becoming final, to the effect that none of the defendants were residents of the county in which they were rendered, the legislature has wisely provided that notwithstanding this absolute right on the part of a defendant to be sued in the county of his residence, this right shall not so avail him as to deprive the court of another county in which an action has been brought of jurisdiction, unless he appears and raises the question as to which is the proper county as provided by statute. It will be seen that the right to have the case tried in the county of his residence is an absolute one, subject only to certain exceptions. It, therefore, becomes the duty of the courts to see that these rights are preserved, and that the exceptions are not so construed as to destroy such rights by reason of any technical or slight mistake on the part of the party in attempting to negative the exception. The retention of jurisdiction by the court other than that of the county of the residence of the party is in a certain sense a wrongful one, even without any motion being made for a transfer to the proper county, and has only been sanctioned by the legislature by reason of the necessities of the case as above suggested. It follows that the proceedings by which the right to transfer is made absolute, and this exception negatived, should be construed with the utmost liberality, and that if it appears therefrom that there is an intent on the part of the defendant to avail himself of the privileges of the statute for the purpose of negativing the exception contained therein which authorizes the court to maintain jurisdiction, it should be held sufficient, even though there has been only a substantial and not a technical compliance with the provisions of the statute.

" 'We are aware that the decisions in the State of California, and perhaps in some of the other states, seem to have been based upon a different theory, but in our opinion these courts have lost sight of the fact that the exception by which the court in which the action has been brought is allowed to retain jurisdiction is one of necessity, and was only enacted to effect the absolute right of transfer to the county of the residence so far as was necessary to protect the validity of judgments rendered where no motion for transfer had been made. Under the liberal construction of this statute, which we think it should receive, the affidavit of merits in the case at bar was sufficient.' "

Construing sections 81 to 83, inclusive, of our own Code of Civil Procedure in the light of the Washington and Cali-

fornia cases quoted in the opinion, this court then held, as stated in the headnote, that—

"Remedial statutes should be construed liberally in favor of the remedy, and rules of procedure are remedial in their nature."

See also *Font* v. *Castro*, 33 P.R.R. 784.

*Font* v. *Castro* and *Baker, Carver & Morell* v. *Healy & Siebert* can not be distinguished from the case at bar by the mere fact that the sufficiency of an affidavit of merits is not involved in the instant case. The conclusion reached in those cases is based squarely upon the broad ground that remedial statutes should be liberally construed and that sections 81, 82 and 83 of our Code of Civil Procedure are remedial in nature and character. The *ratio decidendi* is no more applicable to the question of what is meant by an affidavit of merits than it is to the question of what the legislature intended to require of a defendant in regard to the time of presenting his application.

Herein, of course, we are not confronted with any element of waiver or of implied submission as was the case in *Busó* v. *Borinquen Sugar Co., supra; Ortiz* v. *Gómez*, 21 P.R.R. 480, and *Aponte* v. *Atlas Commercial Co. et al.*, 27 P.R.R. 228.

In *Pearkes* v. *Freer*, 9 Cal. 642, decided in 1858, the Supreme Court of California, referring to a motion for a change of venue and after discussing previous cases, said:

"It follows that such a motion on grounds disclosed by the complaint must be made before or at the time of filing demurrer. By filing a demurrer, and consenting to set the case for trial at a particular day, the defendant waived his right to move for a change of venue."

Some sixty years later this case was cited by the California Court of Appeals in *Lundy* v. *Lettunich*, 195 Pac. 451, in support of the proposition that "the motion should be made at the earliest opportunity."

In *Cook* v. *Pendergast*, 61 Cal. 72, quoted with approval

in *Torres et al.* v. *Torres et al., supra,* and frequently cited elsewhere, it is said that—

"A defendant who demurs to a complaint without answering, must demand a transfer (if he claims it on the ground that the proper county is not designated) before or when he demurs."

In 1 Sutherland on Code Pleading, Practice and Forms, p. 594, we find the following:

"An application for a change of venue should be made at the earliest possible moment, and it comes too late where presented after asking for a postponement of the matter pending before the court."

Later in the same paragraph, *Cook* v. *Pendergast, supra,* is cited as authority for the statement that—

"It is only in cases where the change is asked because the county designated in the complaint is not the proper county that the motion for the change must precede or accompany the answer or demurrer. The motion may be made by the defendant on any other statutory ground, without the affidavit and demand, within a reasonable time after his appearance. Such motions, however, being dilatory, must be prosecuted with diligence."

The same statement may be found in Estee's Pleadings, vol. 1, p. 47, par. 57. Among the cases cited in that paragraph mention may be made in passing of *Tooms* v. *Randall,* 3 Cal. 438, an early decision antedating *Pearkes* v. *Freer, supra,* as indicative of the theory and practice existing in California prior to the enactment and constituting the key to the spirit and meaning of the Code of Civil Procedure later adopted by Montana, Idaho and Porto Rico.

But our attention has been invited to paragraph 31 of an article on Venue, 25 Cal. Jur. 896, where we find the following:

"A demand and application for a change of place of trial to the proper county must be made by the defendant 'at the time he answers or demurs'. If made before that time it comes too soon, and if made after answer or demurrer it comes too late."

One case only is cited in support of the proposition that

the application and demand if made before the specified time "comes too soon." Turning to the sole authority thus relied upon we find the proposition last above mentioned to be based upon a plain *obiter dictum* in a *per curiam* opinion published in 1884. *Nicholl* v. *Nicholl*, 66 Cal. Rep. 36.

In the case referred to the motion was based upon an affidavit of merits made by defendant and was unaccompanied by any other pleading. Later upon demurring to the complaint another motion was filed together with an affidavit of merits made by counsel for defendant. Manifestly counsel for defendant did not rely upon his original motion and affidavit, but abandoned the same upon the mistaken theory that the step first taken was premature, or might be so regarded by the court. There is no intimation of any intrinsic defect in the first application or in the affidavit upon which it was based and no apparent reason for the filing of a new motion and affidavit unless we assume the probable existence of the doubt already referred to, or else a superabundance of caution on the part of the attorney for defendant. The course pursued, however, regardless of the reasons that prompted a resort thereto, sufficed to elicit from the Supreme Court the following superfluous statement:

"The affidavit of merits and demand that the trial be had in the proper county, which were filed before the defendant answered or demurred, were wholly inconsequential. To be of any avail, such affidavit and demand must be filed when the defendant appears and answers, or demurs. (C.C.P. 396).

"In this case, we can only consider the order made on the motion, which was based upon the affidavit and demand filed at the time the defendant appeared and demurred. And if the affidavit of merits is sufficient, the order must be affirmed."

The court thereupon proceeds to consider the sufficiency of the second affidavit of merits last above mentioned, upon which the order granting a change of venue had been based; and after reaching the conclusion that the affidavit in question was sufficient to sustain the motion for change of venue,

affirm the order appealed from. Obviously if the affidavit of merits made in support of the second motion was sufficient there was no need for consideration of the question as to whether or not the first motion and affidavit were premature. It is equally clear that a final determination of the question last mentioned was not an indispensable prerequisite to the consideration and disposition of the only issue necessarily involved.

Aside from the statement in California Jurisprudence, *supra,* the case of *Nicholl* v. *Nicholl* seems to have been more or less innocuous if not "wholly inconsequential" as a precedent.

·The words used in the opening statement of the paragraph quoted from 25 California Jurisprudence, *supra,* are the terms employed by section 396 of the California Code of Civil Procedure as amended in 1907. The first case mentioned in the foot note corresponding to this statement is *Witter* v. *Phelps,* 163 Cal. 655, referred to as "holding that a defendant does not waive the right to have the action dismissed for undue delay in making the service of summons, by demurring to the complaint and moving for a change of place of trial." (Note 18, 25 Cal. Jur. 896).

The bearing of the holding thus emphasized upon the point now under consideration is not very apparent. There was no question as to the validity of any service of summons. There is nothing whatever in the opinion to indicate that an application for a change of venue is not an appearance in the action. No such question was involved. The opinion discloses that—

"Defendant appeared by filing a notice of intention to move for change of place of trial to the county of her residence, San Mateo, together with a demand for such change, an affidavit of merits, and a demurrer."

What the court said was this:

"We do not agree with the contention that, by demurring and moving for a change of place of trial, the defendant waived the right

to object to any delay which had occurred theretofore. Having been served with summons, she was bound to appear, and either demur or answer. Her demand for change of venue could be made only at the time she so answered or demurred. (Code Civ. Pro., sec. 396.) She was entirely within her rights in insisting upon the change, and in making her motion for a dismissal in the court to which the action had been removed. By thus taking advantage of her rights, she did nothing which should be held to affect her right to complain of the delays which had occurred.''

That there was no question whatever as to the necessity of filing a demurrer or answer at the time of applying for a change of venue is self-evident. What the court had in mind and meant to say was that a defendant's demand must be made at or before the time he answers or demurs. Any other construction of the language used would involve a flagrant disregard of fundamental rules of construction and would be most unfair to the California court.

Other cases cited without comment in the foot note last above mentioned are the following: *McNeill & Co.* v. *Doe,* 163 Cal. 338, 125 Pac. 345; *Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 399, 90 Pac. 932, 1135; *Wadleigh* v. *Phelps,* 147 Cal. 541, 82 Pac. 200; *Cook* v. *Pendergast,* 61 Cal. 72; *Mahe* v. *Reynolds,* 38 Cal. 560; *Jones* v. *Frost,* 28 Cal. 245; *Pearkes* v. *Freer,* 9 Cal. 642; *Reyes* v. *Standford,* 5 Cal. 117.

The note then proceeds as follows:

''The provision, prior to 1907, contained the additional words 'appears and' preceding 'answers or demurs' and it was held in construing this provision that the defendant did not 'appear and demur' until he filed the demurrer, and it was therefore sufficient to file the notice of motion to change the place of trial to the residence of the defendant, affidavit of merits, and demand at the same time with the filing of the demurrer. *Fletcher* v. *Maginnis,* 136 Cal. 362, 68 Pac. 1015. It is to be noted that the code commissioner in commenting on the amendment of 1907, states that 'the words ''appears and'' are omitted before the word ''answers'' as superfluous.' See *Rowland* v. *Coyne,* 55 Cal. 1, holding that a defendant appears as soon as he serves and files his demurrer.'' 25 Cal. Jur. 897, note 18.

If the words "at the time he answers or demurs" are construed in accordance with the spirit and purpose of the provision now under consideration to mean "at or before the time he answers or demurs," then the conclusion reached by the California Code commissioner is a matter of small importance. But the use of the words "appears and" contained in the previous enactment was and is significant as indicating the thought uppermost in the minds of the earlier legislators, however awkwardly expressed, to wit, the time of a defendant's first appearance, whether by answer, demurrer or otherwise. None of the cases cited militate against the idea of a time limit and waiver as the underlying principle of the statutory restriction upon a defendant's right, otherwise absolute, to a change of the place of trial, and most of the decisions in so far as they point in either direction tend to sustain that theory.

The gist of what was decided in *Rowland* v. *Coyne*, in so far as pertinent to the question of a possible or conjectural bearing upon the statement imputed to the code commissioner, may be found in the first paragraph of the syllabus, which reads thus:

"In an action against several defendants—one of whom had not been served with summons—a demurrer was served and filed, beginning with the words, 'And now come the defendants, etc.,' and signed C. P. & S., 'attorneys for defendants'; *Held*, that this was an appearance of all the defendants under the express provisions of the Code. (Code Civil. Pro., par. 1014.) (55 Cal. Rep. 1.)"

But if the *Coyne Case*, by any stretch of the imagination, could be regarded as authority for the proposition that a defendant can not appear in an action before he answers or demurs, or otherwise than by answer or demurrer, then the doctrine so announced was repudiated in *Davenport* v. *Superior Court*, 191 Pac. 911, where it is said that a somewhat similar but less sweeping assertion made by the same court on another previous occasion was "doubtless too broad."

In *Fletcher* v. *Maginnis,* decided in 1902, a court commissioner, with whom two other commissioners concurred, recommended the reversal of an order refusing a change of venue and it was so ordered by three of the judges in Department for reason stated in the opinion of the commissioner.

In that case defendant served first a notice of motion, with demand and affidavit, and later a demurrer. Thereafter demurrer, demand and affidavit were filed together. Appellee insisted that the service of the demurrer amounted to an appearance and therefore that the subsequent filing of the demand and affidavit came too late. The opinion, read in the light of the facts and of the contention to which the reasoning of the commissioner is addressed, seems to reach the conclusion first that a defendant does not demur until his demurrer is filed, and second that an appearance before the filing of an answer or demurrer does not preclude the filing of a previously served demand and affidavit, together with such answer or demurrer. In so far as the decision tends to eliminate an appearance, without more, as an obstacle to the subsequent filing of a demand and affidavit it may have had some influence as a factor in the situation which lead to the omission of the words "appears and" in the amendment of 1907. But it does not follow that the framers of the code as originally enacted intended to forbid the filing of a demand and affidavit of merits before the filing of an answer or demurrer. To say that a defendant "did not appear and demur until he filed the demurrer" does not mean that a defendant may not appear and demand a change of venue before filing his demurrer. To say that an appearance without demurrer or answer can not operate to prevent a subsequent application does not imply that a defendant may not move for a change of the place of trial at the time of such first appearance. The logical and only legitimate result of the amendment to the California Code, whether accomplished by judicial legislation in 1902 or by legislative enactment in 1907, was at most to remove a technical and unnecessary

restriction upon the right in question,—not to create and to place in the path of all non-resident defendants a new stumbling-block without apparent reason, justification or excuse for such action.

*Smith* v. *Pelton Water Wheel Co., supra,* quotes with approval and at some length from the opinion in *Cook* v. *Pendergast, supra,* and is directly in line therewith. An interesting feature of the case is the attitude of Chief Justice Beatty who did not participate in the Department decision, but dissented from the order refusing a rehearing in Bank, and apparently from the drastic application made of the doctrine announced in the *Pendergast Case,* not from the doctrine itself. His dissenting opinion concludes with the following statement:

"I cannot regard with favor technical rulings upon questions of procedure which result in condemning a party without a hearing, even when they are imperatively required by the terms of some law. In this case I think the ruling—so far from being necessary—was erroneous."

*Reyes* v. *Stanford, supra,* is another early case indicative of the general drift of judicial opinion upon the question of venue in California about the middle of the nineteenth century. The opinion is a model of brevity and the final pronouncement contains a suggestion that may or may not be regarded as a useful hint to our local legislature. The court, speaking through Chief Justice Murray, said:

"Numerous errors have been assigned by the appellant, none of which are well taken. An examination of the record discloses that the cause was properly tried by the Court below. The question of jurisdiction has already been decided by this Court.

"The District Court is a Court of general original jurisdiction, its process is coextensive with the State. Causes may be removed from one district or county to another county or district, in the manner provided by statute; but this, I apprehend, would not be permitted after the party had appeared and answered to the merits.

"The appeal is clearly for delay. The judgment is therefore affirmed, with fifteen per cent. damages."

The other cases listed above and not already discussed herein do not demand further notice.

Powell v. Sutro, 80 Cal. 559, decided by a divided court, is also cited by California Jurisprudence in connection with the following statement:

"The rule that the defendant must make the motion at the time he first answers or demurs has been forced to what seems its extreme limit in holding that a defendant is precluded in a superior court from successfully moving for a change of venue to the county of his residence after he has filed an answer in the case in a justice's court, where the action was originally commenced, although the filing of such answer was necessary to show jurisdiction in the superior court and although no right exists in a justice's court to move for a change of place of trial to the county of the defendant's residence."

From the dissenting opinion of Mr. Justice Works we take the following extract:

"If the justice had not jurisdiction it would have been idle to file the affidavit there, because that court had no power to act upon it. The defendant made the necessary affidavit *as soon as the case reached a court having jurisdiction to act upon it, and before any act was done by him in that court, or any other step taken therein. This was using the utmost expedition in the assertion of his rights that could be reasonably required under the statute.* It is well enough to say that the 'right to a change of the place of trial is purely statutory, and a party must bring himself clearly within the provisions on the subject.' but it is quite another thing for the courts to so construe a statute as, in certain cases, to deprive a party of the right entirely, and thus in such cases to nullify the statute itself.

"If the doctrine declared in the prevailing opinion is to obtain, all a plaintiff will have to do hereafter, in order to prevent a defendant from asserting his right to be tried in the county of his residence, is to bring his action in a justice's court which has no jurisdiction, thereby compelling the defendant to be tried before the justice, or file such an answer as will cause the transfer of the case to the superior court of that county, in either of which events, if such a construction is to prevail, he is entirely cut off from his right to a change to the proper county. In my judgment, a plain statutory right should not be denied a party even in a 'comparatively trivial case' by any such strict construction of the provisions of the statute.

The law is the same in all cases, and the courts cannot deny the right given by it because the court may regard the case in hand as comparatively trivial." (Italics ours.)

The fundamental principle involved, so palpable in the opinion of Mr. Justice Works, is even more vigorously and clearly expressed in the dissenting opinion of Chief Justice Beatty and Mr. Justice Fox, which we give in full:

"We dissent. The case is a trifling one as to the amount of money involved, but it involves a principle which it is important should be settled correctly. Under section 395 of the Code of Civil Procedure, it is a matter of absolute right on the part of the defendant that he shall have the case tried in the county where he resides. This section is mandatory in its terms, and so plain as not to be open to construction, either as to its meaning, or as to the intention of its framers. On the other hand, section 396, cited in the leading opinion, is a mere provision of the mode of procedure to secure the right. The right itself being absolutely established by legislative enactment, if no mode of procedure had been provided for its enforcement, it would be the duty of the court to prescribe one. Section 396 has prescribed one for all the ordinary cases arising in the course of practice; but here happens to come a case, as sometimes occurs in the conduct of human affairs, that the mode of procedure provided, if we follow the literal language of the statute, does not meet, and we have a case of a right without a remedy. In such a case it is the duty of the court, if possible, to provide a remedy. *Examining the general remedy which has been provided, we find that the controlling idea of the framers of the statute was, that the party seeking to avail himself of the right guaranteed to him by section 395 should make his application therefor upon his first appearance in the court having jurisdiction to act thereon.* That was done in this case. The answer was necessarily filed in a court which had no jurisdiction, either to try the case or to transfer it to another county. That court, as in duty bound, transmitted it to a competent court of its own county, *and immediately upon the filing of the papers in the court to which it was so transmitted, the application for change of venue was made.* It should have been granted." (Italics ours.)

We need not now and without the aid of counsel attempt to distinguish between a general and special appearance, nor to establish beyond all cavil the proposition that the

filing of a motion for a change of venue together with a sufficient affidavit of merits, but unaccompanied by any other pleading, entitles a defendant as of course to favorable action upon his application. We do not profess to have examined all of the decided cases bearing upon the point now under consideration. A starting point for further investigation, in so far as the Montana decisions are concerned, may be found in *O'Hanion* v. *Great Northern Ry. Co.*, 245 Pac. 518. Our purpose thus far has been to show that a preliminary question was pending in the court below at the time the case was set for trial and tried in the absence of defendant.

Turning again to I Sutherland, *supra*, at page 603, section 1000, as pointed out by appellant; the author, citing *Brady* v. *Times Mirror Co.*, 106 Cal. 56, and *Nolan* v. *McDuffie*, 125 Cal. 334, says:

"A motion for the change of the place of trial intercepts all judicial action in the case, and suspends the power of the court to act upon any other question until the motion has been determined. Pending the hearing of the motion and until it is passed upon, the court has no jurisdiction to hear and determine any demurrer to the complaint, and its order made in passing upon the same is a nullity. If the motion should be granted, the defendant is entitled to have the demurrer passed upon in the county to which the change is to be made."

See also *Successors of Abarca* v. *Nones et al.*, 30 P.R.R. 810, and cases cited in note 1, 25 Cal. Jur. 897, par. 31, in support of text to same effect.

Conceding, for the sake of argument only, that the motion in the instant case was premature and that it might have been overruled upon the authority of *Busó* v. *Borinquen Sugar Co.*, *supra*, yet it does not follow, as appellee assumes, without attempting to show, that the court below was justified in utterly ignoring the demand for a change of venue. It may be that the motion might have been denied at any time before rendering judgment for want of prosecution or for other satisfactory reasons, had any question of

this sort been raised in the court below, but in the absence of any showing to the contrary we are constrained to hold that the application should have been disposed of before proceeding to trial and judgment.

The judgment appealed from must be reversed.

Mr. Justice Aldrey concurred.

Mr. Justice Wolf dissented.